Deweese *v.* Smiley.

Filed April 4, 1891.

---

## No. 36.

### DEWEESE *v.* SMILEY.

COSTS.—*Burden on Motion to Tax.*—A party against whom a judgment has been rendered, complaining of costs taxed against him, has the burden to show that such costs fall within some of the exceptions to the general rule requiring the defeated party to pay all the costs of the action.

SAME.—*Fees of Witnesses.*—*Discharge of Before Close of Trial.*—*Burden of Proof.*—The general rule is that a plaintiff is not bound to discharge his witnesses when he has concluded their examination, upon his original case, until the evidence on both sides has been closed; especially when there are affirmative defences, in support of which the defendant proceeds to offer proof, and which may require testimony in rebuttal. In such a case he may fairly presume that his witnesses may be needed again, and if he, in good faith, retain them, and it turns out that no evidence has been given in defence which requires their use, he can not be compelled to pay the expense of holding such witnesses over until the close of the evidence. If the defendant complain of his action, he, the defendant, has the burden of showing that there existed some special reason why he should have discharged such witnesses and not retained them.

VOL. 1.—6

Deweese v. Smiley.

SAME.—*Plaintiff Retaining Defendant's Witness.*—A plaintiff retaining one of the defendant's witnesses an extra day, without having subpœnaed him as his own witness, after the defendant has discharged him, and not calling him as a witness, is liable for the extra costs thereby made.

SAME.—*Failure to Call Witness Subpœnaed.*—A party subpœnaing a witness and not using him is liable for his costs.

SAME.—*Calling to the Stand but not Examining Witness.*—A party calling a person as a witness, without subpœnaing him, having him sworn, but not examining him upon any question at issue, is liable for his costs.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

REINHARD, J.—The ruling of the court below, of which the appellant complains, and which presents the only point for our consideration, is the sustaining of a motion of the appellee, who was the defendant below, to tax to the appellant, or plaintiff below, who had been the successful party in a trial before that tribunal, a portion of the fees of certain witnesses in the case. The motion, which is duly verified, is as follows, caption omitted :

" The defendant moves the court to tax the witness fees of Griffith Ogden to the plaintiff for the last three days claimed by him, amounting to $3.75, for the reason that the plaintiff used said witness on the first day, and required him to remain three more days without using him, or offering to use him any further. And to tax the last day's fees ($1.25) claimed by Merit Dorsey to plaintiff, for the reason that said witness was not subpœnaed by the defendant, and not examined by the plaintiff, and after being examined by the defendant was discharged by him on the third day of the trial, and not further used by [him but] was compelled to stay by plaintiff. And further to tax the costs of the last day claimed by Clifton Johnson, $1.25, and the two last days claimed [by] Charles Johnson, $2.50, for the reason that said witnesses were kept in attendance after being examined on the plaintiff's original case, and not further used by him. And further to tax the last two days' costs claimed by Aquilla

Jones, $2.50, to plaintiff, for the reason that he was kept in attendance said two days without cause and not used. And further to tax the costs of the last two days claimed by Jacob Doll, the plaintiff, $2.50, for the same reason. And further, to tax the costs of the last two days, claimed by J. W. Chambers to plaintiff, for the same reason, $2.50. And further, to tax the costs of the last day claimed by J. F. Deweese to plaintiff, for the same reason, $1.25. And further, to tax the costs of Lafayette Alcorn, a witness subpœnaed by plaintiff, who claimed his attendance four days, and mileage, in all $5.80, for the reason that he was subpœnaed by plaintiff only, and not examined.

"And, further, to tax the costs of J. Q. A. Garrison to plaintiff—$2.15—for the reason that said witness was not examined by the defendant, nor subpœnaed by him, but was called by plaintiff, and sworn but not examined on any matter or subject relative to the issues in this case."

Then follow the oath, jurat, etc.

To this motion the appellant filed the following counter-affidavit :

" Said plaintiff appears to the motion to tax costs herein as stated in defendant's motion, and thereupon files the counter-affidavit of John S. Scobey therein, as follows, to wit : ' John S. Scobey, on oath, says, that he was the sole attorney of the plaintiff on the trial of this cause ; that said trial began February 14th, 1889, that day being Thursday ; that said trial continued until court adjourned on Saturday, the 16th, over till Monday, the 18th ; that on Saturday, the 16th, deponent did say to plaintiff and his witnesses that they could not be discharged, for the reason that the evidence on the defendant's side, of off-set, counter-claim, etc., was then being heard, and did not close for defendant until Monday ; and that, not being able to see or know what case the defendant would make, the defendant himself being then on the witness-stand, or what proof he might offer, which on the part of plaintiff should be rebutted by the plaintiff, there-

fore his, plaintiff's, witnesses could not be discharged then, or at any time until the defendant's evidence closed; and said evidence did not close until on Monday, February 18th, 1889, and he further says not.' "

This affidavit was duly signed and sworn to.

The question made on these two affidavits was submitted to the court, which, as we have seen, sustained the motion, and ordered that all the costs covered by the appellee's motion should be taxed to the appellant.

Was this error?

It appears from the bill of exceptions that the trial of the cause, in which these costs were made, consumed four days, beginning on Thursday of one week and closing on Monday of the next.

It also appears that the defendant had filed answers of set-off and counter-claim besides the general denial, and was offering evidence under these defences on Saturday when the court adjourned over till Monday.

As the two affidavits comprised all the evidence upon which the question was submitted to the court, we think if there was any evidence contained in these affidavits which tended to sustain the court in its ruling, we can not disturb that ruling; but if, on the other hand, there is any item of costs that was taxed to the appellant, and as to that item there is no evidence tending to sustain the court's ruling, it is clearly our duty to remand the cause to the circuit court that the proper order may be made which will be found to be in harmony with our conclusions.

The appellant having recovered judgment in the trial of the cause wherein these costs were made, that judgment would ordinarily carry with it the costs also, and if the appellee asserts, as he does here, that any portion of such costs should be taxed to the appellant, it devolves upon him to show that such portion of costs comes within some one or more of the exceptions to the general rule just stated.

There were eleven witnesses, a portion of each of whose fees

the court ordered to be taxed to the appellant. All of these witnesses but three, Dorsey, Alcorn and Anderson, were appellant's witnesses, and had been examined by him upon his original case and then ordered to remain till the evidence was closed. In assessing the costs of these witnesses against the appellant the court must have proceeded upon the idea that it was the duty of the appellant to discharge his witnesses as soon as he had rested his case and before the defendant commenced the examination of his witnesses. The appellee has not favored us with a brief, but this seems to be the theory of the appellee's affidavit, and we find nothing in either of the affidavits which discloses any other hypothesis.

In this view of the law, adopted by the lower court, we can not concur. A party plaintiff, ordinarily, when he has concluded the examination of a witness upon his original case, is not compelled to discharge such witness until the evidence on both sides has been closed. Especially is this true when there are affirmative answers in support of which the defendant proceeds to offer proof, and which may require testimony in rebuttal. Before the court would be authorized, in such a case, to order the taxation to the plaintiff of the costs of keeping such witness longer than the first day, provided the evidence was not concluded on that day, it must be made to appear by the defendant, who asks such an order, that there exists some special reason why this should be done, and no such reason, we think, was shown in this case.

The plaintiff can not be presumed to anticipate what evidence the defendant will, or will not, produce. We think he may fairly assume that his witnesses may be needed again, and if he, in good faith, retain them, and it turns out that no evidence has been given in defence which requires their use again, he can not be compelled to pay the expense of holding such witnesses over till the close of the evidence.

What we have said applies to the costs of all the witnesses except three, viz.: Merit Dorsey, Lafayette Alcorn, and J. Q. A. Garrison. Dorsey had not been summoned by the

appellee, nor was he examined by the appellant. He was ordered by the appellant to remain over, and we think the court did right in assessing the costs of detaining him to appellant. The witness Alcorn had been summoned by the appellant, but was not examined by him. We think the court committed no error in ordering appellant to pay the fees of this witness. Garrison was neither subpœnaed nor examined by appellee, but was called and sworn by appellant, but not examined relative to any of the issues involved in the case. We think the court properly ordered the costs occasioned by this witness to be taxed to the appellant.

For the error which we think the circuit court committed in sustaining the appellee's motion to tax all the costs specified and set out in the motion, the ruling of the court is reversed at the costs of the appellee, and the cause is remanded to the court below, with instructions to overrule said appellee's motion as to the taxation of the fees of all the witnesses therein named, except those of Merit Dorsey, Lafayette Alcorn, and J. Q. A. Garrison, and to sustain the appellee's motion to tax the fees of said Dorsey, Alcorn, and Garrison to the appellant, and for further proceedings not inconsistent with this opinion.

Filed April 4, 1891.