## SIMPKINS v. ATCHISON, T. & S. F. R. CO.

### (Circuit Court, W. D. Missouri, W. D. June 11, 1894.)

### No. 1,812.

1. WITNESS FEES—TAXATION OF COSTS.
   Where persons are subpoenaed as witnesses, but are not introduced to testify, the presumption is that they were unnecessarily brought to court, and their fees are not taxable against the opposite party.

2. SAME.
   Fees of persons who attend and testify, on the request of a party, without subpoena, are taxable against the opposite party.

This was an action by Foster Simpkins against the Atchison, Topeka & Santa Fe Railroad Company to recover damages for personal injuries. Defendant moved to retax the costs.

Harry K. West, for plaintiff.
Gardiner Lathrop and S. W. Moore, for defendant.

PHILIPS, District Judge. Motion is made by defendant to retax the costs taxed against the defendant for the following named witnesses: Charles Simpkins, R. M. Sharp, S. E. Sharp, Earl Hulse, and Mrs. Grace Snyder. The facts are that the plaintiff and said Charles Simpkins had pending in this court, set for trial on the same day, separate suits for injuries growing out of the same accident. Charles Simpkins was subpoenaed as a witness on behalf of his father, the plaintiff herein. He was sworn as a witness, and placed upon the witness stand. The rule having been made on motion of counsel for the separation of the witnesses, it was suggested, on Charles Simpkins taking the witness stand, that he should not testify first, provided the plaintiff himself proposed to testify. Thereat he was withdrawn for the time, and was not introduced or examined. The witnesses R. M. and S. E. Sharp also attended court, but were not introduced as witnesses in the case. It seems to be a well-settled rule of law and practice that where witnesses are subpoenaed, but are not introduced to testify, the presumption is that their testimony was not material, and that they were unnecessarily brought to court as such witnesses. The rule is not otherwise where the parties or counsel, either through a misconstruction of the pleadings or a misunderstanding of the

law arising in the case, believe that the testimony of such witnesses may become material in the progress of the trial. The fact that they are not presented to testify in the case and are not examined is conclusive that they were not material, and their presence unnecessary, and the party who thus brings them to court should be held responsible for their costs. Pugh v. Good (Or.) 23 Pac. 827; Deweese v. Smiley (Ind. App.) 27 N. E. 444; Osborne v. Gray, 32 Minn. 53, 19 N. W. 81; Pike v. Nash, 16 How. Pr. 53; Dean v. Williams, 6 Hill, 376.

Objection is made to the taxation of fees in favor of Earl Hulse and Mrs. Grace Snyder for their attendance at some other term of court than the one at which the case was tried, for the reason that no subpoenas for these witnesses are found among the files in the case; but these witnesses did attend court at said term upon the request of the plaintiff, and also appeared as witnesses and testified at the trial of the case. It is a settled rule of this jurisdiction that a witness who attends court upon the request of a party to the suit, and testifies in the case, is entitled to his fees, notwithstanding the absence of a subpoena. This rule of practice was applied by this court in the case of Pinson against this same defendant, and at the instance of defendant's counsel, and it is a poor rule that does not work both ways.

It follows that the fees of Charles Simpkins, R. M. Sharp, and S. E. Sharp are disallowed as against this defendant, and the same are taxed as against the plaintiff. The objections to the fees of Earl Hulse and Mrs. Grace Snyder are overruled, and said fees stand taxed against the defendant.