Filed October 30, 1895.

---

No. 1,568.

## ALBERTS ET AL. *v.* BAKER.

PLEADING.—*Answer.—- Garnishment. —Attachment.*—An answer alleging that the defendant has paid the amount demanded in the complaint in discharge of a judgment rendered against him in garnishment proceedings, but which does not allege that any writ

of attachment was ever issued in the cause, nor what judgment, if any, was rendered by the court against him in the attachment proceedings, is insufficient on demurrer for want of facts.

From the Huntington Circuit Court.

*I. Conner, W. W McMahan, L. P. Milligan, S. E. Cook* and *Bundy & Travis,* for appellants.

*J. B. Kenner, U. S. Lesh, G. W. Holman* and *R. C. Stephenson,* for appellee.

DAVIS, J.—It is alleged, in substance, among other things, in appellants' complaint against appellee, that they sold Edwin B. Newton a large bill of shingles, on account of which he became indebted to them in a large amount; that Newton sold five car-loads of said shingles to appellee; that on October 21, 1891, he assigned the account due him from appellee for the shingles to appellants; that said account is due, etc.

In the second paragraph of his answer, appellee alleged, in substance, that he was served with garnishee summons in which he was notified to appear and answer as garnishee in a cause, on an account, pending in the Fulton Circuit Court, wherein Robert R. Mann and William H. Mann were plaintiffs and Edwin B. Newton and Gertrude Newton, nonresidents of the State, were defendants; that, pursuant to said notice, on the 20th of November, 1891, he appeared in person in said court and testified concerning his indebtedness for the shingles, whereupon the court rendered judgment for the full amount of his indebtedness for the shingles, which judgment he fully paid and satisfied.

The first error assigned is that the court erred in overruling appellants' demurrer to the second paragraph of answer.

It appears that said Newtons were notified of the

pendency of the action by publication.    It is not averred that any writ of attachment was ever issued in said cause.    It is true the summons for a garnishee may be issued before the writ of attachment is issued, but it is doubtful whether an action in attachment can be maintained without a writ, and also whether final judgment can be rendered against a garnishee where no such writ has been issued.    *Hancock* v. *Ritchie*, 11 Ind. 48, sections 930, 943, 948, R. S. 1894; sections 918, 931, 938, R. S. 1881; *Schoppenhast* v. *Bollman*, 21 Ind. 280 (285).

Neither is it alleged in the answer what judgment, if any, was rendered by said court against the defendants in the attachment proceedings.    *Emery* v. *Royal*, 117 Ind. 299; *Debs* v. *Dalton*, 7 Ind. App. 84.

As the answer is insufficient it is not necessary to consider the other questions discussed.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of the answer, with leave to amend.

Filed June 11, 1895; petition for rehearing overruled, October 30, 1895.

