### THE PERSIANA.

(District Court, S. D. New York.   November 20, 1907.)

1. ADMIRALTY—PROCEDURE—MOTION TO DISMISS.
    In a suit in admiralty, a motion to dismiss at the close of libelant's case will not be entertained, unless the claimant or respondent also rests.

2. SAME—REOPENING CASE TO INTRODUCE DEPOSITIONS.
    After both parties have rested in a suit in admiralty, and the case has been argued, it will not be reopened to permit the libelant to introduce depositions previously taken by the claimant, which the libelant might, if he had desired, have offered as a part of his own case.

3. SAME—COSTS—DEPOSITIONS NOT OFFERED.
    A party in admiralty can tax neither costs nor disbursements in respect of depositions taken by him which he did not offer in evidence.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, § 849.]

In Admiralty.

On the final hearing of this action in admiralty, brought to recover for damage to cargo laden upon the steamship, it appeared that the injury arose from one of the causes excepted in the bill of lading.   Libelant having rested, claimant moved to dismiss on the ground that libelant had not affirmatively shown that the injury was caused by the ship's negligence.   This motion was denied at the close of the court's morning session.   At the opening of court in the afternoon claimant rested without offering evidence; and thereupon the cause was fully argued by counsel.   At the close of argument, libelant moved for leave to introduce in evidence on his own behalf certain depositions de bene esse taken by the claimant five months before the trial.

Kneeland & Harrison, for libelant.

Convers & Kirlin (John M. Woolsey, of counsel), for claimant.

HOUGH, District Judge.   It has been the uniform practice of this court not to entertain motions to dismiss at the close of libelant's case, unless the claimant or respondent also rests.   If the party defendant considers that any testimony is necessary to overcome that offered by libelant, it should be produced, and the court not asked to dispose of the litigation before all the testimony is submitted.

Libelant's motion to reopen and introduce in evidence claimant's depositions must be denied.   He could have offered these depositions as part of his own case, but did not choose to do so.   He was not surprised, and will therefore not be permitted to support his case by evidence at hand when the cause opened, but only sought to be used after both sides rested and argument developed infirmity in his deliberately chosen position.

The libel is dismissed; but as claimant did not offer his depositions in evidence he can tax neither costs nor disbursements in respect of said depositions.