UNITED STATES v. MILLER.

(District Court, S. D. Georgia. May 14, 1915.)

*(Syllabus by the Court.)*

1. Costs ⊂⊃310—Taxation—Fees of Witnesses—Criminal Case.

In criminal cases the fees of witnesses who are subpœnaed by the government, but who are not sworn and used as witnesses in the case, are not chargeable against the defendant upon his conviction, in the absence of equitable reasons therefor.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1177–1184; Dec. Dig. ⊂⊃310.]

2. Costs ⊂⊃310—Taxation—Fees of Witnesses—Criminal Case.

Where a defendant was indicted on several counts, and found guilty upon one, and expressly acquitted upon the other counts, the fees of a witness whose testimony related solely to the counts of the indictment as to which he was acquitted are not chargeable against the defendant.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1177–1184; Dec. Dig. ⊂⊃310.]

3. Courts ⊂⊃357—Procedure—Appeal—Docket Fees—Criminal Case.

In criminal cases the defendant is not chargeable with the attorney's docket fees in the Supreme Court and the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. ⊂⊃357.]

4. Courts ⊂⊃357—Procedure—Costs—Appeal—Transcript—Criminal Case.

A defendant in criminal cases is chargeable with the expense of the transcript of the record in the District Court in carrying the same to the United States Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. ⊂⊃357.]

Harvey C. Miller was convicted of violating Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1913, §§ 8563–

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8596), and, his conviction being affirmed by the Circuit Court of Appeals and the costs being taxed against him, he moves to retax the costs. Ordered that costs be retaxed.

See, also, 187 Fed. 375.

E. M. Donalson, Dist. Atty., of Macon, Ga., for the United States.
Osborne & Lawrence, of Savannah, Ga., for defendant.

LAMBDIN, District Judge. This is a motion on the part of the defendant to retax the costs in the case. The defendant, who is the movant here, was indicted upon several counts for violation of the Interstate Commerce Act. He demurred to this indictment, and the District Court sustained the demurrer. He thereupon carried the same to the Supreme Court of the United States, where the judgment of the court below was reversed. The case then proceeded to trial, and he was found guilty on one of the counts and acquitted on all the others, and sentenced to pay a fine of $5,000, together with costs of court. He carried this conviction to the Circuit Court of Appeals, where same was affirmed. The clerk taxed the costs against him, and he now makes a motion to retax these costs, and claims that they are erroneous in the particulars hereinafter set forth.

[1] 1. He claims that he is not chargeable with the fees of certain witnesses who were subpœnaed by the government, but who were not introduced as witnesses on the trial of the case, and did not testify in same, and also claims that he should not be charged with the costs of issuing and serving subpœnas upon these witnesses. At the hearing no special reason was shown why these witnesses were not used. It does not appear that any unexpected turn in the case, any ruling of the court, any admission on the part of the defendant, or other reason, rendered the testimony of these witnesses unnecessary on the trial. Under such circumstances the conclusion is that the testimony of these witnesses was not material, and that they were unnecessarily brought to court as witnesses. The defendant should therefore not be charged with the fees of these witnesses, or with the costs attendant upon issuing and serving subpœnas upon them. This seems to be a well-settled rule of law and practice in the federal courts. Simpkins v. Atchison, T. & S. F. R. Co. (C. C.) 61 Fed. 999, and cases cited therein; United States v. Wilson (C. C.) 193 Fed. 1007; The Persiana (D. C.) 158 Fed. 912. Such was the ruling of the Supreme Court of Georgia before the first Code of the state was adopted. Mason & Waldrip v. Dean & Nash, 10 Ga. 443. This principle is now expressly set out in the Civil Code of Georgia of 1910, § 5990; Penal Code Ga., § 1106. See, also, Herrington v. Flanders, Sheriff, 115 Ga. 823, 42 S. E. 222.

[2] 2. The defendant shows, also, that the testimony of one of the witnesses related solely to counts of the indictment as to which he was acquitted, and he claims that he should not be charged with the costs of subpœnaing this witness, or with his witness fees. It would seem that the defendant is correct in this contention also. Each count in the indictment is in the nature of a separate indictment, and upon reason it would seem that the defendant should not be charged with the costs of a witness whose testimony related solely to the counts upon which

the defendant was acquitted. Commonwealth v. Ewers, 4 Gray (Mass.) 21; 11 Cyc. p. 29.

[3] 3. The defendant was taxed in the bill of costs with attorney's docket fees of $20 each in the District Court, in the Supreme Court, and in the Circuit Court of Appeals. I do not think he should be charged with the docket fees in the Supreme Court and in the Circuit Court of Appeals. In the first place, the mandates which were sent down from these two courts did not carry these costs. Osborn v. United States, 131 U. S. cxxxvii, appendix, 23 L. Ed. 871. Rule 24 of the United States Supreme Court (32 Sup. Ct. xi) and rule 31 of the Circuit Court of Appeals (150 Fed. xxxv, 79 C. C. A. xxxv) provide that such docket fees cannot be taxed either for or against the United States in those courts, and these rules are controlling.

[4] 4. It appears that the defendant is also taxed with the expense incurred by the United States in having a transcript of the record in the court below made so as to carry the case to the United States Supreme Court. No authorities are presented as to the correctness or incorrectness of this item, and I have been unable to find any. The expense of procuring this record was incurred in the District Court, and not in the United States Supreme Court, and therefore the costs of such transcript is not a part of the Supreme Court costs, but is taxable in the District Court. Supreme Court rule 24, cited above. This rule prohibits the taxing of the expense of this transcript in the Supreme Court, but contains no prohibition against taxing it in the court below. Such being the case, and as, under the general rules governing such matters, the prevailing party is entitled to recover the costs necessarily expended by him, I am inclined to think that the defendant should pay the costs of this transcript. Lee Injector Mfg. Co. v. Penberthy Injector Co., 109 Fed. 964, 48 C. C. A. 760.

The clerk of this court will therefore retax the costs in this case in accordance with the foregoing opinion.