## THE SUDUFFCO.

### Petition of TRANSMARINE CORPORATION et al.

District Court, S. D. New York. April 30, 1929.

776

THACHER, District Judge. Upon the proofs presented at the trial the petitioners clearly showed seaworthiness at the commencement of the voyage, and accordingly that they were prima facie entitled to limit their liability to the value of the vessel and her pending freights. Claimants' witnesses who testified in court impressed me as unreliable, and upon the whole case I have no hesitation in finding that the vessel was in fact seaworthy. But if it had been shown that the vessel was in some respects unseaworthy, and that the fact was ascertainable in the exercise of reasonable diligence, the petitioners' only liability would have been for damage resulting from such unseaworthiness. The Malcolm Baxter, Jr., 277 U. S. 323, 48 S. Ct. 516, 72 L. Ed. 901. The causal connection between wrong and damage upon which it is necessary to predicate liability might perhaps be shown by proof that defects in hull, machinery, or equipment were so serious as to fairly support the inference that they were the cause of her loss. But there is nothing of that kind even in the testimony of the claimants' witnesses. No defect is shown by their testimony which, in the absence of proof as to how the ship was lost, may be presumed to have been the cause of the disaster.

 The burden of proof was upon the claimants to establish liability, and upon the petitioners to show that they were without privity or knowledge of the facts upon which liability is predicated. The John H. Starin, 191 F. 800 (C. C. A. 2); The 84-H (C. C. A.) 296 F. 427; The Linseed King, 24 F. (2d) 967, 970 (D. C. N. Y.). The facts established exclude the possibility of petitioners' privity or knowledge of the manner in which the vessel was navigated or the circumstances under which she was lost. The claimants' proofs fail to disclose how the loss occurred. It is quite impossible, therefore, to find that the vessel sank because of any defect in hull or equipment; from which it follows that petitioners' right to limit is established, and claimants have failed to prove any facts upon which even limited liability may be predicated.

A decree in usual form for limitation and exoneration of liability may accordingly be entered.

On Motion to Reopen Proceedings.

 In the exercise of discretion necessarily influenced, and in this case properly controlled, by regard for the orderly trial and disposition of issues deliberately framed and brought to trial after ample and exhaustive

Single & Single, of New York City (Carroll Single, of New York City, of counsel), for petitioners.

Silas B. Axtell, of New York City (Silas B. Axtell and Elizabeth Robinson, both of New York City, of counsel), for claimants.

preparation on both sides, this motion must be denied. The additional evidence sought to be adduced after trial is in no sense newly discovered, nor am I sufficiently impressed with the showing made to believe that it would affect the result. Furthermore, the failure to adduce it upon the trial appears to have been due to the neglect, if not to the design, of proctors for claimants. I know of no rule in admiralty which permits the taking of additional testimony after trial under such circumstances. The Persiana (D. C.) 158 F. 912; The Afton (C. C. A.) 134 F. 727.