## FEDERAL INTERMEDIATE CREDIT BANK OF COLUMBIA v. MITCHELL et al.

### No. 1750.

District Court, E. D. South Carolina. March 14, 1930.

Randolph Murdaugh, of Hampton, S. C., and D. W. Robinson, of Columbia, S. C., for plaintiff.

W. J. Thomas, of Beaufort, S. C., and Buist & Buist, of Charleston, S. C., for defendants.

ERNEST F. COCHRAN, District Judge.

This is a question of taxation of costs, coming up on review of a taxation by the clerk of this court. The clerk taxed as a part of the defendants' costs the fees of two of their witnesses who attended at the trial but did not testify. It is shown by an affidavit (which is not contradicted) that

the reason that they did not testify was that they were summoned to testify to certain material admissions made by certain officers of the plaintiff, and that those officers on cross-examination admitted the matters which the defendants expected to prove by these two witnesses. The plaintiff contends that under the Conformity Act (28 USCA § 724), the taxation of witness fees is ·governed by the state practice, and that under the express provisions of the statute of this state (Code of S. C. 1922, vol. 3, § 5765) costs are allowed for a witness only "when actually appearing *and testifying*." (Italics mine.)

Notwithstanding the Conformity Act (28 USCA § 724), the rule in the federal courts is that where Congress has legislated upon a subject, the state practice and statutes are not applicable and the procedure prescribed by the act of Congress is exclusive and must be followed. Stated somewhat differently, the rule is that if the federal and state statutes cover the same ground, the federal statutes control. In re Cockfield (D. C. E. D. S. C.) 300 F. 116, 120; Bracken v. Union Pacific Ry. Co. (C. C. A. 8th) 56 F. 447, 449; Mims v. Reid (C. C. A. 4th) 275 F. 177, 179.

U. S. Code, tit. 28, § 830 (28 USCA § 830), prescribes that witness fees in law cases shall be taxed against the losing party. The act of 1853 (Rev. St. § 848, U. S. Code, tit. 28, § 601 [28 USCA § 601]) prescribes that witnesses shall be paid "for each day's *attendance* in court, or before . any officer *pursuant to law*" (italics mine), and fixes the amount of their per diem and mileage. But this act is practically superseded by the Act of April 26, 1926, .c. 183, 44 Stat. 323, U. S. Code Ann. tit. 28, §§ 600a and 600c. Section 1 of the latter Act (28 USCA § 600a) provides that witnesses in the United States courts who "attend" shall be entitled to a per diem "for each day of *actual attendance* and for each day necessarily occupied in .travelling to *attend* court" (italics mine) and mileage. Section 3 of the same act (28 USCA § 600c) provides that "witnesses *attending* in such courts * * * shall receive for each day's *attendance* and for the time necessarily occupied in going to and returning" (italics mine), fees and mileage, and fixes the amount thereof.

It is clear therefore that Congress has prescribed that witnesses who *attend* shall be paid, and has not seen fit to limit .the payment of fees to those who also *testify*. Congress having acted upon this particular sub-

ject, the act of Congress must govern, and the state rule is not applicable.

The act of Congress, however, should receive a reasonable construction. It is inconceivable that Congress would ·intend that the fees of all witnesses who attend should be taxed against the losing party, without regard to their materiality or the necessity of their presence. In order therefore to entitle a party to tax the costs of witnesses, the evidence of such witnesses must be material. If a witness is not called upon to testify at all, there is naturally a presumption that his testimony is not material and his attendance unnecessary; but this presumption, of course, may be rebutted by showing good and sufficient reasons why he was not called upon to testify. In this case, the defendants have overcome the presumption by showing that the testimony of the two witnesses was rendered unnecessary by the material admissions on the witness stand of the officers of the plaintiff. In these circumstances and under the view I take of the act of Congress under consideration, the fees of the two witnesses referred to were properly taxed.

This conclusion is not in conflict with the decisions cited by the plaintiff, for in those cases the courts were dealing with costs which were not specifically covered by any act of Congress. My views are in accord with the decisions of other federal courts where the question has been considered. See Clark v. American Dock & Improvement Co. (C. C. S. D. N. Y.) 25 F. 641; Young v. Merchants' Insurance Co. (C. C. Dist. S. C.) 29 F. 273; Burrow v. Kansas City, etc., Co. (C. C. W. D. Tenn.) 54 F. 278, 281; Kirby v. U. S. (C. C. A. 9th) 273 F. 391, 397.

The taxation made by the clerk will be confirmed and an appropriate order entered accordingly.