### TREADWELL v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 2060.

District Court, W. D. Louisiana, Alexandria Division.

Sept. 14, 1937.

Overton & McSween and John R. Hunter, all of Alexandria, La., for plaintiff.

Harold W. Hill, of Alexandria, La., and Montgomery & Montgomery, Nicholas Callan, and Harry Stiles, Jr., all of New Orleans, La., for defendant.

DAWKINS, District Judge.

Plaintiff has filed a rule for the taxing in his favor of the following alleged costs:

| | |
|---|---:|
| Five witnesses, four of whom reside in Fordyce, Ark. and another in Port Arthur, Tex., each in the sum of $49.50 | $ 247.50 |
| Stenographer's fee for taking testimony out of court | $ 19.00 |
| Marshal's costs: | |
| One item of $44.13, | |
| Two for $ 1.50 each and | |
| One for $ 1.75 | |
| Total | $ 48.88 |
| 7 expert witnesses (doctors): | |
| 4 in the sum of $250.00 each | |
| 2 in the sum of $150.00 each | |
| 1 in the sum of $ 50.00 | $1,350.00 |
| Total | $1,665.38 |

Counsel for defendant concedes that the marshal's costs and stenographer's fees are correct, but contests the claims for the lay witnesses, first in their entirety, and alternatively contends that, if allowed, they should be limited to mileage not exceeding 100 miles, although they came from more distant points without the district and state, and that the experts likewise should be restricted to the same basis as all other witnesses.

As to the five witnesses who attended from without the district and were not summoned, three of these, to wit, Joe Treadwell, Cecil Blankenship, and W. W. Gresham, were sworn and testified on behalf of the plaintiff and their claims should be allowed at the statutory rate, plus mileage for a distance of 100 miles. Kirby v. U. S. (C.C.A.) 273 F. 391; Id., 260 U.S. 423, 43 S.Ct. 144, 67 L.Ed. 329. The other two, J. D. Treadwell and James A. Gresham, were not summoned, and there is nothing to show for what purpose they attended or that their testimony would have been material; nor does it appear that the same was excluded by any ruling of the court, and hence the fees cannot be allowed. U. S. v. Miller (D.C.) 223 F. 183; Simpkins v. A., T. & S. F. Ry. Co. (C.C.) 61 F. 999.

The question of allowing fees to the doctors as experts appears to have been settled adversely to the contention of plaintiff by the Supreme Court in the case of Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386. It was there held that no witness, even though an expert and sworn as such could be allowed more than

the statutory fees prescribed by section 601, title 28, U.S.C. (28 U.S.C.A. § 601).

The claims of the experts, doctors, therefore, will be reduced to the same basis as of other witnesses.

Proper decree should be presented.