## CLARK v. GIFFORD–HILL & CO., Inc.

### Civ. A. No. 2911.

United States District Court,
W. D. Louisiana, Opelousas Division.

Feb. 23, 1951.

Malcolm E. Lafargue, Shreveport, La., Sol. B. Pressburg, Alexandria, La., for plaintiff.

Stafford & Pitts, Alexandria, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff has had the Clerk to itemize and tax the costs incurred by the attendance of witnesses, etc., summonsed on his behalf, amounting to a total of $277.84 While no formal opposition has been filed by counsel for defendant, he has written a letter to the court, expressing the view that the number of witnesses involved (twenty-four) was excessive and unnecessary to plaintiff's case. Counsel asked that

the court exercise its discretion by eliminating those found to have been unnecessary.

Where witnesses are summonsed and not called, a presumption arises that they were unnecessary, and the burden is upon the party summonsing them to justify such action. Simpkins v. Atchison, T. & S. F. R. Co., C.C.Mo. 1894, 61 F. 999. Also see Cyclopedia of Federal Procedure, Vol. 8, Chapter 38, Section 3650, pp. 455 et seq. After receiving the letter of counsel for defendant and coming to Shreveport for the present term, counsel for plaintiff appeared and insisted that all of the witnesses were necessary and were used at the trial. The reporter's notes have not been written out (it is understood the case will not be appealed), and it being impracticable for the court to undertake to ferret out this matter from those untranscribed notes, counsel for plaintiff was required to support his assertion that the witnesses whose fees and travel expenses are thus assailed were actually called and testified in the case. This has been done, that is, counsel has filed his own affidavit that they all attended and testified, with the exception of Mrs. W. P. Sharp, who, though present, was not called after her husband had testified, because of a desire to avoid the consumption of further time and delay in the trial.

It is further contended that the attorney's docket fee of $20.00, which is likewise discretionary with the court, should not be allowed.

In view of all the circumstances and of the amount of the verdict returned by the jury in this case, the court is of the view that the cost bill as approved by the Clerk, including the attorney's fee of $20.00, should be and it is accordingly allowed.