**MUELLER v. POWELL et al.**

No. 432.

United States District Court
W. D. Missouri, Central Division.

Oct. 15, 1953.

Smith, Harris & Hanke, by V. B. Harris, St. Louis, Mo., for plaintiff.

Dan C. Carter, Sturgeon, Mo., R. E. Ausmus, Warren D. Welliver, Columbia, Mo., for defendant.

REEVES, Chief Judge.

The plaintiff's motion to retax costs was heretofore sustained upon the theory that no opposition was offered to said motion. It appeared later that counsel for the defendants was unaware of the pendency of said motion and it was for that reason it was not resisted. It is fundamental that where a motion for the retaxing of costs is filed it is the duty of the party filing the motion to give his adversary notice thereof. 20 C.J.S., Costs, § 288, paragraph (d), page

530. It appears, therefore, that counsel for the defendants was not advised of said motion until after an adverse ruling had been made, and for that reason the order on the motion was set aside.

It is provided by Section 1821, Title 28 U.S.C.A. that witnesses subpoenaed in cases of private litigation shall be entitled to their fees, and by Section 1920, Title 28 U.S.C.A. it is the duty of the clerk to tax as costs the fees of witnesses in favor of the prevailing party.

It was the contention of the plaintiff that the witnesses whose fees it was desired to be retaxed were not ·called to testify at the trial.

As a postulate to a proper decision, note the following:

It was held by Judge Philips of this court, in Simpkins v. Atchison, T. & S. F. R. Co., C.C., 61 F. 999, as follows:

> "It seems to be a well-settled rule of law and practice that where witnesses are subpoenaed, but are not introduced to testify, the presumption is that their testimony was not material, and that they were unnecessarily brought to court as such witnesses."

This rule has been uniformly followed by the courts. See United States v. Miller, D.C., 223 F. 183, loc. cit. 184. The district judge, however, said in that case in retaxing the costs:

> "At the hearing no special reason was shown why these witnesses were not used. It does not appear that any unexpected turn in the case, any ruling of the court, any admission on the part of the defendant, or other reason, rendered the testimony of these witnesses unnecessary on the trial. *Under such circumstances the conclusion is that the testimony of these witnesses was not material, and that they were unnecessarily brought to court as witnesses.*" (Emphasis mine.)

In discussing the presumption that the testimony of witnesses not testifying, and that they were unnecessary, the Court of Appeals this Circuit, in Spirit-wood Grain Co. v. Northern Pac. Ry. Co., 8 Cir., 179 F.2d 338, loc. cit. 344, said:

> "The presumption is overcome, however, if it appears that an order of court or other circumstance rendered their testimony unnecessary."

The same thing was said in Federal Intermediate Credit Bank of Columbia v. Mitchell, D.C., 38 F.2d 824, loc. cit. 826, as follows:

> "In order therefore to entitle a party to tax the costs of witnesses, the evidence of such witnesses must be material. If a witness is not called upon to testify at all, there is naturally a presumption that his testimony is not material and his attendance unnecessary; *but this presumption, of course, may be rebutted by showing good and sufficient reasons why he was not called upon to testify.*" (Emphasis mine.)

This reasoning was followed by the District Court for the W. D. of Louisiana in Clark v. Gifford-Hill & Co., Inc., 95 F.Supp. 975. District Judge Dawkins, 95 F.Supp. loc. cit. 976, said:

> "Where witnesses are summonsed and not called, a presumption arises that they were unnecessary, and the burden is upon the party summonsing them to justify such action."

The case relied upon by counsel for the plaintiff, namely, United States v. Lee, 7 Cir., 107 F.2d 522, loc. cit. 527 is not at variance with the above rules. While stating the presumption that the witnesses were unnecessarily brought into court, the court further said:

> " * * * and, in the absence of equitable reasons, the fees of such witnesses are not chargeable against the losing party."

Of course it is fundamental that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs". Rule 54(d) Federal Rules of Civil Procedure, 28 U.S.C.A.

In the instant case it appears from the briefs and affidavits submitted by counsel for the defendants that each

of the witnesses whose fees are challenged by the plaintiff was called to give testimony on material and relevant matters, but, by an arrangement with adversary counsel and by concessions or admissions that were made in open court, the testimony of such witnesses was made unnecessary. It would follow, therefore, that the motion to retax costs should be overruled.