**UNITED STATES of America,
Petitioner,**

v.

**Theron C. LYND, Circuit Clerk and Registrar of Voters of Forrest County, State of Mississippi, Respondent.**

**No. 19576.**

United States Court of Appeals
Fifth Circuit.

July 7, 1964.

John Doar, Harold Greene, Attys., Dept. of Justice, Washington, D. C., Burke Marshall, Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Isabel L. Blair, Atty., Dept. of Justice, Washington, D. C., for petitioner.

Joe T. Patterson, Atty. Gen., Dugas Shands, Asst. Atty. Gen., Peter M. Stockett, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., M. M. Roberts, Francis T. Zachary, Hattiesburg, Miss., Will S. Wells and Guy N. Rogers, Asst. Attys. Gen., and Darryl A. Hurt, Sp. Asst. Atty. Gen., Edward L. Cates, Jackson, Miss., for respondent.

Before BROWN, WISDOM and BELL, Circuit Judges.

PER CURIAM.

The United States as Petitioner in the within matter claimed costs incident to enforcement of the final judgment of civil contempt entered against Respondent Lynd. The court instructed the clerk of this court to make the initial assessment, without prejudice however to the right of either party to appeal such assessment if any, as might be made to the court. The United States claimed a total of $5,856.58 in costs. The clerk allowed the sum of $4,933.84. Respondent has moved for relief from the order of the clerk.

Upon due consideration it appears that the order of the clerk is supported by the facts and applicable law except Item III(c) in the amount of $410.00 which is the cost of transcribing the further argument of July 8, 1963. This argument was transcribed at the instance of the United States *ex mero moto,* and the allowance of the expense thereof would vary from the usual practice in this court described in the memorandum opinion and order of the clerk. That opinion and order is printed in the margin.* It must be and is modified to strike and set aside this item.

Save for this modification, the motion of Respondent is in all respects denied.

**ON PETITIONER'S MOTION FOR
TAXATION OF COSTS**

**CLERK'S MEMORANDUM ON
TAXATION OF COSTS**

Final judgment was entered by this Court (Judges Brown, Wisdom and Bell)

* See Appendix.

against respondent, Theron C. Lynd, in this civil contempt proceeding on July 15, 1963. Subsequently, on October 3, 1963, the United States, as petitioner, filed its proposed Bill of Costs, together with affidavits and letter-brief in support, in which costs were itemized in the total amount of $5,856.58,[1] which amount was claimed as properly taxable by this Court as incident to enforcement of its judgment via this contempt proceeding.

On October 21, 1963, counsel for respondent Lynd filed their Answer to Bill of Costs, with supporting affidavit, in which specific defenses to assessment of the various items of costs as claimed by the Government were set forth, mainly as follows: (1) that none of the costs claimed were properly allowable or taxable under any statute, rule, order or practice of this Court (citing McWilliams Dredging Co. v. Department of Highways of La., 5th Cir., 1951, 187 F.2d 61, and Parkerson v. Borst, 5th Cir., 1919, 256 F. 827); and, in fact, this Court's own Rule 31 [2] "shows a clear intent * * * not to allow costs for or against the United States" in such cases; (2) costs identified with any part of Title 42 U.S.C. § 1971 et seq. relate to those incurred in voter registration cases tried before the district courts, and that statute is not applicable so as to justify taxation of such costs in favor of the United States in civil contempt cases decided by this Court; (3) any decision as to the taxation of such costs should await a determination by the Supreme Court of respondent's then pending petition for writ of certiorari; and (4) in any event, there is no support or justification in fact for the specific charges for particular items of costs, such as clerk's and marshal's fees, court reporter's fees, witness fees (including F.B.I. agents), fees for exemplifying and furnishing copies of papers, docket fees, etc.

On October 30, 1963, counsel for the petitioner filed a further letter-response in support of its position that (1) the costs as itemized may properly be taxed in this proceeding in favor of the United States, notwithstanding the proviso of this Court's Rule 31(4), footnote 2, supra, and under other settled principles of general law and authority; and (2) petitioner is entitled to have taxed as costs the fees of *all* its witnesses, notwithstanding respondent's contrary position and authority cited in its answer to the effect that fees of witnesses present at the trial but not called to testify were not properly taxable in view of the presumption that they were unnecessar-

---

1. The individual fees and costs listed thereon were as follows:

| | |
|---|---|
| Fees of the clerk | $ 15.00 |
| Fees of the marshal, plus mileage | 144.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 4,284.94 |
| Fees for witnesses, including FBI agents | 843.98 |
| Fees for exemplification and copies of papers necessarily obtained for use in case | 523.66 |
| Docket fees under 28 U.S.C. 1923 | 20.00 |
| Costs as shown on Mandate of Court of Appeals (docket fees) | 25.00 |
| Total | $5,856.58 |

2. Fifth Circuit Rule 31, pars. (1) through (4), specifically provides:

"1. In all cases where any suit shall be dismissed in this court, except where the dismissal shall be for want of jurisdiction, costs shall be allowed to the appellee, unless otherwise agreed by the parties.

"2. In all cases of affirmance of any judgment or decree in this court, costs shall be allowed to the appellee, unless otherwise ordered by the court.

"3. In cases of reversal of any judgment or decree in this court, costs shall be allowed to the appellant, unless otherwise ordered by the court. The cost of the reporter's transcript from the court below shall be taxable in that court as costs in the case.

"4. Neither of the foregoing sections shall apply to cases where the United States are a party; but in such cases no costs shall be allowed in this court for or against the United States."

ily subpoenaed. See Simpkins v. Atchison T. & S. F. R. Co., 61 F. 999 (W.D. Mo., 1894).

Petitioner's proposed Bill of Costs, respondent's answer and petitioner's further letter-response were formally submitted to the Court on October 29, 1963. On November 8, 1963, this Court directed that further action on the question of costs be deferred pending disposition of respondent's petition for writ of certiorari then still pending in the Supreme Court, and the parties were advised accordingly. On January 15, 1964, the Supreme Court's order entered on January 6, 1964, denying respondent's petition for writ of certiorari, was received and filed in the office of the Clerk of this Court. On January 21, 1964, the Court was so advised and the matter was formally reinstated on the docket for the Court's further consideration as of that same date. On February 17, 1964, the Clerk of this Court was instructed to make this formal, initial assessment of allowable costs for this Court according to the practice in the district courts,[3] following a hearing thereon if either party requested a hearing, but with the assessment otherwise to be made on the record and papers on file, and without prejudice to the right of either party to take an appeal to the panel which had heretofore rendered the judgment of civil contempt herein (Judges Brown, Wisdom and Bell) from such portion of the costs assessment as might form the basis of an objection. On March 2, 1964, after preliminary consideration of the matter, the parties were advised accordingly, and were also requested to file any further papers in support of their respective positions which they might wish considered. Some delay has since been necessary in order to insure overall receipt of all pertinent papers, as well as access to and study of material excerpts of the record and the applicable statutes and authorities. However, it is believed that ample time has now been allowed for full consideration by all, and it is noted that neither party has since requested a hearing on all or any of the disputed cost items, or otherwise proffered any further supporting affidavits, memoranda, or the like. Accordingly, the Clerk's initial assessment of costs is being made herewith on the papers and record on file.

## I. General Taxability of Costs.

On the main issue of whether any costs are properly taxable as a matter of law, petitioner's counsel quotes the general rule to the effect that, in a civil contempt proceeding, "the court, as part of its order, may fine or otherwise charge the defendant with the expenses and damages caused to plaintiff by the disobedience of the order which constitutes the contempt." Rivers v. Miller, 112 F.2d 439, 443, (5th Cir., 1940); see also 17 C.J.S. Contempt, §§ 96, 127; 12 Am. Jur., Contempt, Sec. 79; Cf. N. L. R. B. v. Red Arrow Freight Lines, Inc. et al. (5th Cir., 1954) 213 F.2d 260, 265. While conceding that in the absence of an enabling statute, costs cannot under the doctrine of sovereign immunity be taxed *against* the United States, petitioner nevertheless argues that this rule does not prohibit the Government from recovering costs, at least in civil cases, to the same extent as a private individual. Pine River Logging & Improvement Co. v. United States, 186 U.S. 279, 296, 22 S.Ct. 920, 46 L.Ed. 1164 (1902); United States v. Jardine (5th Cir. 1936), 81 F.2d 747, 748, Cf. James Shewan & Sons, Inc. v. United States, 267 U.S. 86, 45 S.Ct. 238, 69 L.Ed. 527. See also 42 U.S.C. § 1971(c).

With all deference to respondent's contrary arguments, on logic and principle no sound reason or justification is apparent for limiting the applicability of these well settled rules so as to allow costs in favor of the United States only in those

3. See article by Richard C. Peck, Esq., Clerk, U. S. Dist. Ct., Nebraska Dist., appearing in Vol. 42 of Nebraska Law Review at page 788.

civil contempt proceedings brought in, and in which it has prevailed before, the district courts. To the contrary, no statute, rule, order, usage or practice of this Court has been cited or appears applicable to preclude taxation of such costs in favor of the United States in civil contempt proceedings adjudicated by this Court, in the exercise of its original, inherent jurisdiction to vindicate the integrity of its own judicial process. Cf. Kemart Corp. v. Printing Arts Research Lab., Inc., 232 F.2d 897, 57 A.L.R.2d 1234 (9th Cir. 1956); McWilliams Dredging Co. v. Department of Highways of La., supra; The Daniel Kern, 29 F.2d 288 (D.C., W.D.Washington, 1928). This Court's Rule 31, subsections (1) through (3), (ftn. 2, supra) speaks in precise terms of, and is obviously referable and restricted to, allowance of costs upon dismissal, affirmance or reversal of a *regular appeal*, and consequently the prohibition of subsection (4) is not applicable to prohibit this Court's discretionary allowance of costs to petitioner in this particular proceeding under general principles of law, and consistent with its initial order, the judgment heretofore entered, and the general custom and practice of assessing costs in civil contempt cases against the losing party. See Rule 54(a), F.R.C.P.; Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 426, 43 S.Ct. 458, 67 L.Ed. 719; Schauffler v. United States Assoc. of Journeymen etc., 246 F.2d 867, 870 (3rd Cir., 1957); In re Federal Facilities Realty Trust, 227 F.2d 657, 658, 55 A.L.R.2d 977 (7th Cir., 1955); Norstrom v. Wahl, 41 F.2d 910, 914 (7th Cir., 1930); Cf. United States v. Jardine, supra.

## II. Witness Fees.

Respondent objects generally to taxation of the fourth item on petitioner's Bill of Costs in the total amount of $843.98, claimed as "Fees for witnesses, including FBI agents," and specifically to inclusion of whatever portion of that amount may represent fees of government witnesses subpoenaed but not called to testify. However, in his affidavit filed in support of this item of costs, petitioner's counsel states that all such witnesses were initially subpoenaed in good faith, were present at the trial, and would, if called have testified to facts essential to petitioner's case. Under such circumstances, it would not seem consistent with the exercise of any wise or equitable discretion to disallow attendance fees of such witnesses merely because during the course of the trial a good faith determination was made, presumably in order to avoid delay, unnecessary inconvenience to the Court and parties, and other substantial expenses incident to prolonging the trial, that they need not be used because their testimony would only have been repetitious and cumulative of a case already sufficiently proved. The better reasoned rule and policy in such instances would appear broad enough to warrant taxation of reasonable fees of such witnesses, as necessary in order to minimize such delay, inconvenience and unnecessary trial expenses, while at the same time granting counsel, as officers of the Court, a desirable degree of latitude and discretion in deciding which and how many witnesses must necessarily be subpoenaed or otherwise made available at the hearing, in the event they are needed in order to prove the essential facts in the case. See Spiritwood Grain Co. et al. v. Northern Pac. Ry. Co., 179 F.2d 338, 344 (8th Cir., 1950); Kirby v. United States, 273 F. 391 (9th Cir., 1921), aff'd on other issues, 260 U.S. 423, 43 S.Ct. 144, 67 L.Ed. 329; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 F. 278, 281 (W.D. Tenn., 1893). In the absence of any insistence from either party for a hearing upon this issue, or any showing by respondent upon this record, contrary to government counsel's affidavit, that the testimony of any such witnesses was immaterial, or that the number subpoenaed who did not testify was unduly excessive, or that the time they spent in attendance and the fees claimed for them were mani-

festly unreasonable, it is believed that the fees of *all* of petitioner's witnesses must be assessed in the total amount of $843.98 claimed.[4] See also Federal Intermediate Credit Bank of Columbia v. Mitchell, 38 F.2d 824, 826 (Dist. Ct., E.D. South Carolina, 1930); Mueller v. Powell, 115 F.Supp. 744 (W.D.Mo., 1953); Hansen v. Bradley, 114 F.Supp. 382, 386 (D.Md.1953); Clark v. Gifford-Hill & Co., 95 F.Supp. 975, 976 (W.D.La.1951); Cf. Simpkins v. Atchison, T. & S. F. R. Co., supra.

### III.  Fees of the Court Reporter.

Insofar as the Clerk's duty and responsibility for making this initial assessment is concerned a fair and equitable determination as to which fees of the Court Reporter may properly be taxed against respondent is the most difficult problem.  Of course, this is by far the most substantial item of costs for which recovery is sought.  As petitioner's cost bill shows, this total cost of $4,284.94 can be broken down into three separate and distinct categories, as follows:

| | |
|---|---|
| (a) The cost of reporting the April 30, 1962 hearing | $ 240.00 |
| (b) The total cost of reporting the September, 1962 hearing: | |
|     (1) Salary, per diem, time and expenses ... $ 314.55 | |
|     (2) Preparation of partial transcript ...... 882.74 | |
|     (3) Preparation of complete transcript .... 2,437.65 | |
|         Total Cost ..................... | 3,634.94 |
| (c) Cost of transcribing further, final arguments at the July 8, 1963 hearing ......... | 410.00 |
|         Total Costs ................... | $4,284.94 |

It is submitted that items (b) (1) and (b) (3) above are requires to be taxed against respondent under the statute, as representing fees of the Court Reporter due for furnishing a complete transcript of the September, 1962, hearing, which was "necessarily obtained for use in the case."  See 28 U.S.C.A. § 1920; Schauffler v. United Ass'n. of Journeymen etc., supra; United States v. Kolesar, 313 F.2d 835 (5th Cir., 1963); Modick v. Carvel Stores of N. Y., Inc., 209 F.Supp. 361, 364 (D.C.N.Y., 1962).  It is believed, however, that the issue of whether cost items (b) (2) and (c) above are properly taxable is closer and more debatable. In so concluding, the Clerk is mindful

of the directive of one of the Judges for the Court to counsel upon the initial hearing had on April 30, 1962, as follows:

"We are calling here today the case of the United States of America versus Theron C. Lynd on the application for an order to show cause on contempt.

"The Court directed the United States to arrange for a Court Reporter so that these proceedings, which are uncertain to all of us, could be recorded for the benefit of whatever Court of Appeals or Judges try any proceedings growing out of this application.

4.  In this connection, it appears that the bulk of the witness fees were incurred upon the September 17–21, 1962 trial, in the total amount of $644.16; that of the 57 witnesses shown by the Marshal's payrolls as under subpoena, 40 received fees for only two days' attendance, 15 received fees for only one day's attendance, and on-

ly 2 received fees for four days' attendance.  The total amount claimed as taxable for F.B.I. Agents is only $195.50. In view of this showing, the Clerk feels that no good or useful purpose or interest *of either party* would be served by incurring the expense of any formal hearing on this issue.

"The Court has requested also that the reporter be instructed to write up the proceedings immediately, and file a copy with the Court and furnish copies to counsel.

"The costs will be paid by the United States Government initially, and the cost is to be filed with the Clerk's office, and will be taxed as costs on the ultimate decision of the Court."

Further, it is undisputed that at the close of the testimony, the parties were directed to file proposed findings of fact and conclusions of law within two weeks; and that, in order to comply, petitioner's counsel requested the Court Reporter to prepare and furnish on an expedited basis an advance, partial transcript at a cost of $882.74, as set forth in Item (b) (2) above, which was in fact done. However, petitioner's counsel quite frankly admits that, because of the press of other government business (with which respondent was presumably not concerned and in no wise involved) he was unable to prepare and file petitioner's proposed findings and conclusions within the period as initially directed, and did in fact request and receive several extensions of time from the Court within which to do so.

While realizing that upon further review the Court might in its discretion logically reach a contrary conclusion,—in view of its initial directive, the undisputed fact that this charge was at the time incurred by government counsel in good faith, and that this partial transcript was in fact also ultimately furnished to and used by respondent's counsel in preparing their brief, the Clerk nevertheless feels that reimbursement for this $882.74 cost item should be disallowed under the statute, as a surcharge or overpayment not "*necessarily*" incurred nor the partial transcript "*necessarily*" obtained for use in the case." 28 U.S.C.A. § 1920. While under the Court's initial directive the petitioner was doubtless required to incur a reasonable charge for furnishing the *entire* transcript as promptly as possible, it would seem inequitable and unjust to subject respondent to what would, in effect, here amount to double taxation, insofar as this extra cost of reproducing part of the transcript twice is concerned, —once on an expedited basis and again when the entire transcript was later furnished,—particularly since petitioner was at its own instance and for reasons of its own convenience thereafter relieved of any initial necessity for incurring any such surcharge or overpayment, and the same was apparently unnecessary insofar as the Court and respondent were concerned. See Prashker v. Beech Aircraft Corp., 24 F.R.D. 305, 309–310, (D.C.Del.1959); Gillam v. A. Shyman, Inc., 31 F.R.D. 271, 273 (D.C. Alaska 1962); Kelly v. Springfield Ry. Co., 83 F. 183 (C.C.Ohio, 1897).

The issue of whether the Court Reporter's charge of $410.00, representing the fee for transcribing the final arguments heard by and at the direction of the Court at New Orleans on July 8, 1963, should be allowed is also not easily resolved. If the Clerk felt this issue was open for his determination he would, in fairness to respondent, feel compelled also to disallow this cost item, in the absence of any statute, rule, or standing custom and practice of this Court authorizing the taxation of such costs of transcribing oral arguments as costs in the case. McWilliams Dredging Co. v. Department of Highways of La., supra. Indeed, the Clerk feels that this Court's contrary custom and practice on *regular appeals* of requiring parties desiring a transcript of the arguments to furnish same at their own expense, absent some agreement of counsel or special order or direction of the Court with respect thereto, is well known to the Fifth Circuit Bar. This usual policy, however, like all such customs and practices is of course subject to being superseded by special, contrary order or directive issued for or by the Court in any particular case at any time. And in this instance it is undisputed, as the above quoted order of the Court reveals and respondent frankly admits, that petitioner was at the outset directed to have a reporter transcribe

"these proceedings"—by which initial order and other subsequent directives the Clerk feels in good conscience bound to conclude that the Court intended to embrace and include not only the cost of reporting the April 30, 1962 hearing, but the cost of transcribing the further, final arguments in this proceeding as specially ordered and heard by the Court on July 8, 1963, as well. The allowance or rejection of this particular reporter's cost item (c), like that of item (b) (2) heretofore discussed, might well prove discretionary with the Court upon further review, but in view of the Court's initial order and subsequent directives within his knowledge, the Clerk does not feel that its rejection in this instance is discretionary with him. Consequently, the $410.00 cost item is taxed against respondent herewith. See Wax v. United States, 183 F.Supp. 163 (E.D.N.Y.1960); The E. Luckenback, 19 F. 847 (E.D.N.Y. 1884).

#### IV. Fees for Exemplification and Furnishing Copies of Necessary Papers.

In view of the conclusion as to the general taxability of all actual and necessary item of costs to petitioner of this proceeding sufficiently proved, it is felt that this $523.66 cost item, representing petitioner's "out-of-pocket" expense for exemplification fees and for furnishing copies of papers "necessarily obtained" for use in the case is clearly taxable, and that further discussion or justification of the assessment as to this particular item is unnecessary. See United States v. Kolesar, supra; Burnham Chem. Co. v. Borax Consol., Ltd., 7 F.R.D. 341 (N.D.Cal.1947); Ryan v. Arabian American Oil Co., 18 F.R.D. 206 (S.D.N.Y., 1955); Kenyon v. Automatic Instrument Co., 10 F.R.D. 248 (W.D.Mich., 1950).

The same conclusion is reached with respect to the $144.00 item representing fees of the Marshal, also taxed herewith. See 28 U.S.C.A. § 1921 and cases annotated thereunder.

#### V. Clerk's Docket Fees.

While there appears to be no authority precisely in point, it is submitted, on principle and logic, that certain other minor and subsidiary cost items claimed by petitioner as Clerk's docket fees, in the overall amount of $40.00, should be disallowed. Rejection of the $15.00 Clerk's fee appears necessary, at least in this Clerk's view, because that fee is by express terms of the statute applicable only to, and required to be assessed by, the Clerks of the district courts, as their prescribed fee for docketing regular district court proceedings, and is not properly taxable by the Clerk of the Court of Appeals in this contempt proceeding herein. See 28 U.S.C.A. § 1914; United States v. Shields, 153 U.S. 88, 14 S.Ct. 735, 38 L.Ed. 645; United States v. Mohr, 274 F.2d 803 (C.A.Va.1960). It is submitted that the appropriate Clerk's docket fee applicable and properly taxable in this proceeding, if any, would be the $25.00 fee payable to the Clerk of this Court for initially docketing this appeal under this same number on the preliminary motion for injunction on March 29, 1962. However, since under the applicable statutes and Judicial Conference schedules of fees allowable all government litigation, whether brought in the District Court or Court of Appeals, is required to be docketed by the Clerks without cost to the United States, and no expense therefor was ever actually incurred or paid by petitioner, disallowance of even the usual appellate Clerk's $25.00 docketing fee would seem only fair and equitable here.[5] However, this

---

5. See 28 U.S.C.A. § 1913, providing that fees and costs for the Courts of Appeals "shall be prescribed from time to time by the Judicial Conference of the United States", and the Judicial Conference Schedule of fees authorized thereunder providing for a fee of $25.00 "for

docketing a case on appeal or review or docketing any other proceeding", but which previously states that "no fees (are) to be charged for services performed on behalf of the United States." The following section, 28 U.S.C.A. § 1914, applicable to fees chargeable by the Clerks

Clerk believes that, in the absence of any formal waiver by petitioner, the $20.00 attorney's docket fee separately claimed under 28 U.S.C. § 1923 must be allowed. Karsoules v. Moschos, 16 F.R.D. 363, 365 (D.C.Va.1954); see also Peck's article, supra, at page 798.

Accordingly, costs are hereby taxed against respondent and in favor of the United States in the total amount of $4,-933.84, and that amount is included in and made a part of the judgment heretofore rendered, all in accordance with certified copy of separate Bill of Costs attached and made a part hereof. Either or both parties may within five (5) days file a motion for further review of all or any portion of the Clerk's initial costs assessment attached;[6] otherwise, costs will thereafter become due and payable by respondent directly to petitioner in the total amount of $4,933.84 as assessed, for release of which judgment as to costs a satisfaction should be filed.

of the District Courts, contains a similar proviso in subsection (b) exempting the United States from payment of the usual $15.00 district court filing fee.

6. Note the allowance of this period under Rule 54(d), F.R.C.P., as extended by the 3-day mailing period allowed under Rule 6(e). The parties will note that timely filing of the motion for further review has been held jurisdictional. Delaware Valley Marine Supply Co. v. American Tobacco Co., 199 F.Supp. 560 (E.D.Pa. 1960); but see United States v. Kolesar, supra, ftn. 1 of opinion.