Raymond G. LASKY et al., Plaintiffs,

v.

Sheriff Lawrence QUINLAN et al., Defendants.

No. 73 Civ. 1666 (HFW).

United States District Court, S. D. New York.

Oct. 8, 1976.

Jack P. Levin, New York City, for plaintiffs.

Peter L. Maroulis, Poughkeepsie, N. Y., for defendant Quinlan.

## MEMORANDUM DECISION

WERKER, District Judge.

This is a proceeding to fix the fees and expenses of Jack P. Levin, Esq., attorney of record for the plaintiffs in the above-action.

On June 19, 1973 Honorable Murray I. Gurfein, then a Judge of this Court and now a Judge of the United States Court of Appeals for the Second Circuit, appointed Mr. Levin to represent the plaintiffs who had originally appeared *pro se*. Since that time Mr. Levin and his assistants have attempted with all due diligence and endless entreaty and patience to obtain from the Sheriff and the Legislature of Dutchess County compliance with an order requiring certain improvements in the Dutchess County Jail. I specifically include the Legislature in this because they hold the purse strings and any significant improvement in the physical plant at the Dutchess County Jail ultimately rests upon them. Suffice it to say that after 29 months of stubborn resistance the Sheriff failed to comply with the order of this court dated July 30, 1973 and was held in contempt. This application for reasonable attorneys' fees is for the period August 1, 1973 to July 19, 1976 the date of the contempt judgment and is made under Local Civil Rule 14.

A hearing was held on September 8, 1976. Petitioner produced two witnesses. Joel Berger of the Legal Aid Society of New York City, who has been engaged in prisoner rights projects in New York City prisons, on the basis of his experience and after an examination of the affidavit of Petitioner and the file, verified that the hours spent in this difficult and frustrating case were reasonable.

Petitioner also produced Whitney North Seymour, Jr. who testified as to the usual hourly rates charged in private litigation and those rates paid to attorneys appointed under the Criminal Justice Act, both being substantially higher than the $18.50 rate charged by petitioner in this case.

No witnesses were produced on the part of Sheriff Quinlan. His counsel requested additional time to produce evidence as to the Sheriff's ability to pay. That request was denied on the ground that the Sheriff's ability to pay was irrelevant.

I find that:

(1) the hours of work done in this matter are 1,919.2 hours;

(2) those hours were reasonable and required in the circumstances of this case;

(3) the rate of compensation is fixed at $18.50 per hour;

(4) the rate is reasonable and is less than the compensation paid to private criminal counsel or appointed counsel;

(5) the disbursements made by petitioner in this case were necessary and required.

Petitioner is consequently allowed fees in the amount of $35,000 and disbursements in the amount of $9,573.48 or $44,573.48 in the aggregate for the period August 1, 1973 to July 19, 1976. Judgment against Lawrence Quinlan may be entered for that amount and execution issue therefor.

SO ORDERED.