**In re MARRIAGE OF Shirley T. MORRISS and George F. Morriss.**

**Shirley T. Morriss, Petitioner-Appellant,**

**and**

**George F. Morriss, Respondent-Respondent.**

**No. KCD 29529.**

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

102

Hugh D. Kranitz, Kranitz & Kranitz, St. Joseph, for petitioner-appellant.

Don Pierce, St. Joseph, for respondent-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

This is an appeal by the wife from the award of a $150 attorney's fee in a civil contempt action arising from a show cause order issued at the instance of the husband asserting the wife had willfully disobeyed a visitation order.

The trial court found that the wife had willfully violated the visitation order and that finding is not contested. The sole issue is the propriety of the award of the attorney's fee.

The wife asserts in a single point that there was no "prayer" or allegation for such "relief" and that the court erred in failing to receive evidence on the issue of the wife's ability to pay.

Preliminarily, the trial court had authority to assess an attorney's fee in a civil contempt case. The most recent authority is *Keltner v. Keltner*, (Mo.App.1978) [Nos. 38957 and 39780, filed August 15, 1978, but not yet officially reported], which cites both *Frankel v. Moskovitz*, 503 S.W.2d 428 (Mo.App.1973) and *R. E. Harrington, Inc. v. Frick*, 446 S.W.2d 845 (Mo.App.1969). See also 43 A.L.R.3d 793, "Allowance of Attorney's Fees in Civil Contempt Proceedings." The allowance of such fees is a departure from the "American rule." However, one of the exceptions to the "American rule" is for the "willful disobedience of a court order . . . ." *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). Recent federal and state cases have followed the reasoning of *Alyeska*. In *Cook v. Ochsner Foundation Hospital*, 559 F.2d 270 (5th Cir. 1977), the following cogent explanation appears:

"Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees. The theory for allowing attorneys' fees for civil contempt is that civil contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *Cook, supra* at 272.

See also *Andre Matenciot, Inc. v. David and Dash, Inc.*, 422 F.Supp. 1199 (S.D.N.Y.1976); *State ex rel. Fraternal Order of Police, Cap-*

tain *John C. Post Lodge No. 44 v. City of Dayton*, 49 Ohio St.2d 219, 361 N.E.2d 428 (1977).

Turning now to the dual issue posed by the wife, the first claim that the fees were not requested by the "prayer" or "allegation" of the petition must be denied. There are two reasons why the assertion is unavailing. First, the issue was not raised in the trial court. No objection, statement, or claim by the wife raised the issue in the trial court; it is raised for the first time in the brief. So raised, it is too late and will not be considered. Second, it is clear from the cases cited that the imposition of attorney fees and costs in a civil contempt case is a form of relief within the discretion of the court as a part of the inherent power of the court to enforce its orders. To that extent, it is not a matter of pleading but of the shaping by the court of the ultimate relief. The prayer of the husband's petition concluded with a request for "such further orders as may be just and proper in the premises considered." In an analogous situation involving an allowance for interest, it has been held that such a prayer for general relief was sufficient. A quotation from that case seems relevant and controlling in this case:

"As to the failure to pray for interest: The plaintiffs did not make a specific request for allowance of interest. They *did* incorporate a prayer for general relief —'such further orders and judgments as shall be meet and proper in the premises.' The prayer is not strictly a part of the pleading and does not bind a court of equity. A general prayer for relief permits the balancing of all the equities which are within the scope of the pleadings and the evidence; for once rightfully in possession of a case the court will not relinquish it short of doing complete justice, so that there may be a full and complete determination of the rights and liabilities of the parties in respect to the controversy involved. . . . We think that the allowance of interest was within the general purview and scope of the pleadings and the evidence." *Cannon v. Bingman*, 383 S.W.2d 169, 173 (Mo.App.1964).

On the second portion of the wife's point of error, that evidence of her ability to pay should have been received, the law is to the contrary. This is not a case brought under the Dissolution of Marriage Act which would require some consideration of the appellant's ability to pay. See § 452.355 RSMo Supp.1975. This is a contempt proceeding, brought to enforce the visitation rights of the father. As such, the instant case is distinguishable from *Teefey v. Teefey*, 533 S.W.2d 563 (Mo. banc 1976), where the order of imprisonment for failure to pay maintenance and child support was reversed because of failure of proof in the issue of the contemnor's ability to pay. The *Teefey* case was tried under the authority of § 452.345 RSMo Supp.1975, and the need to consider ability to pay was part of the statutory mandate. There is no similar statute requiring a consideration of ability to pay an award in a contempt case involving child visitation. The instant case is more closely analogous to the *Keltner* case *supra*, which was a contempt case based on a failure to pay statutory alimony and, therefore, was not covered by the provisions of the Dissolution of Marriage Act § 452.355. In *Keltner*, the court states that, "Need is not a factor in awarding attorney's fees in a contempt proceeding." Cases in other jurisdictions support the conclusion that ability to pay is irrelevant to the determination of a contempt award. See *In re Marriage of Weisbart and Weisbart*, 564 P.2d 961 (Colo. App.1977); *Lasky v. Quinlan*, 426 F.Supp. 682 (S.D.N.Y.1976).

The trial court properly awarded the attorneys' fee as part of its inherent power in a contempt case to fashion its remedy to coerce compliance with its order and properly excluded evidence of the appellant's ability to pay the fee.

Affirmed.

All concur.