Antonio M. GONZALEZ

v.

MARKLE MANUFACTURING COMPANY.

No. SA–75–CA–153.

United States District Court, W. D. Texas, San Antonio Division.

March 29, 1980.

Luis Segura, San Antonio, Tex., for plaintiff.

Ben Foster, Jr., San Antonio, Tex., for defendant.

## ORDER

SUTTLE, District Judge.

On May 11, 12, and 13, 1977, United States Magistrate John P. Giles held a trial on the merits in this case as special master pursuant to this court's Order of Reference, dated October 13, 1976, as amended February 14, 1977. Magistrate Giles filed his report as special master May 18, 1977. His findings generally favor the Plaintiff, and he recommends judgment be entered in his favor. Magistrate Giles further recommends that the judgment include back pay, over-time pay, attorney's fees, and costs of court. For the following reasons, this court adopts the findings and recommendations of the magistrate; however, due to the unfortunate delay in this court's review of those recommendations, the court finds it necessary to require additional stipulations from the parties before a final judgment can be entered.

### "The Prevailing Party"

 As set out in *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1256 (5th Cir.1977), there is a clear order and allocation of proof that must be followed in Title VII cases where a plaintiff alleges he has been discharged because of discrimination:

1. the plaintiff must present a prima facie case of racial discrimination;

2. the employer then has the burden of proving, by a preponderance of the evidence, that legitimate nondiscriminatory reasons existed to support his action; and

3. the plaintiff then must show by a preponderance of the evidence that the employer's articulated reason was a pretext for discrimination.

Unfortunately, in this case, although the magistrate has made a detailed set of findings,[1] these findings—along with his ultimate conclusions—do not track the procedure required by *Turner*. Nevertheless, they do show that the magistrate, in allowing both sides to present their complete case, heard evidence relating to all three issues and that, after careful consideration, the magistrate found that the Plaintiff successfully demonstrated his discharge was racially inspired.[2] Furthermore, since the record conclusively shows that the scope of the trial encompassed all three issues, the court finds there is no compelling reason warranting a remand of this case for additional findings. *See Smith v. Liberty Mutual Insurance Company*, 569 F.2d 325 (5th Cir.1978); *Peters v. Jefferson Chemical*

---

1. These findings were made without the benefit of testimony from the EEOC investigator as well as most of his report. The court finds the magistrate erred in excluding this evidence. As the Fifth Circuit has made clear, although the district court action is a trial de novo completely separate from the EEOC action, "[a] trial de novo is not to be considered in a vacuum. To the contrary, the district court is obligated to hear evidence of whatever nature which tends to throw factual light on the controversy . . . ." *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir.1972). Thus, while a trial court is free to determine the weight it wishes to place upon such evidence, it is not free to exclude it. *Id.*

Since the EEOC report fully supports the Plaintiff's allegations, the decision to exclude it, along with the testimony of its author, constitutes harmless error, for the magistrate's ultimate findings are fully supported by the evidence upon which he, in fact, relied.

2. It is extremely difficult—if not impossible—to determine whether the magistrate simply found that the Defendant could not meet its burden of demonstrating a legitimate reason for dismissal or whether he found that the Defendant had met his burden but that the Plaintiff had then successfully shown the reason was merely a pretext. The basis for this difficulty stems from Findings of Fact # 42 and 43:

42. During the month in which plaintiff was laid off, the welding department was overloaded with employees, and Schaefer was asked by Friese to give him a list of persons that he felt should be cut. No consideration was given seniority as a factor in connection with this lay-off. Schaefer submitted a list of eight persons, all Mexican-Americans except for plaintiff who was a

Mexican national, and five of them including plaintiff were laid off. Tr. 330–332.

43. The list of employees was considered, and Friese concurred in the lay-off of Antonio M. Gonzalez because he had observed him in his work and believed him to be a malingerer and a problem. Tr. 333–334.

Friese's statement that the Plaintiff was discharged because he was a "malingerer and a problem" might be enough—if accepted as true—to demonstrate a legitimate reason for discharge. However, it is clear that the Defendant had no definite, objective standards by which employees were evaluated (*see*, e. g., Tr. 30–33), and this Circuit has made it clear that subjective criteria based on loose, indefinite standards are not to be used in evaluating a complainant's qualifications by either the employer or the reviewing court. *Robinson v. Union Carbide Corporation*, 538 F.2d 652 (5th Cir.1976). Thus, this court believes that Friese's statement should be given little or no weight and therefore the Defendant cannot rebut the Plaintiff's prima facie case.

Even if Friese's statement is accepted, the record still shows that the Plaintiff successfully demonstrated that the articulated reason was merely a pretext. There is clear evidence that Friese simply accepted Schaefer's decision to fire the Plaintiff without question (e. g., Tr. 50–53; 183–186; 811–813; 405–408), and the evidence is simply overwhelming that Schaefer's motives were racially inspired. Thus, regardless of whether the magistrate concluded that the Defendant failed to demonstrate a legitimate reason, or that it did so but the Plaintiff then succeeded in showing that the reason was merely a pretext, the magistrate's ultimate finding is correct.

*Company,* 516 F.2d 447 (5th Cir.1975). This is especially so where, as here, the court finds that regardless of *how* he reached his decision, the magistrate reached the correct one. *Smith, supra.*

■ The ultimate outcome of this case rests, to a very large degree, upon the magistrate's evaluation of the credibility of the witnesses. The court has carefully reviewed the record in this case, fully aware that "[u]nder Rule 52(a), the credibility choices of the [magistrate] are entitled to great deference on appeal." *Corley v. Jackson Police Department,* 566 F.2d 994, 1001 (5th Cir.1978). Although he did not expressly say so, the magistrate's findings lend themselves to only one conclusion: he accepted the testimony of the Plaintiff's witnesses without giving much credence to the explanations offered by the Defendant.[3] Given the rather graphic record in this case, the court finds that the magistrate acted well within bounds accepting the credibility and testimony of the Plaintiff's witnesses. Indeed, his decision would withstand stricter scrutiny than that contemplated by Rule 52(a). Therefore, the court accepts the magistrate's recommendation that the Plaintiff be found the prevailing party.

### *"The Remedy"*

The magistrate recommends that the Plaintiff be awarded $16,204.97 (with lawful interest) in back pay, $4,702.50 in attorney's fees, and costs. He did not make any recommendation regarding reinstatement of the Plaintiff to his former position.

### *1. Attorney's Fees and Costs*

■ The magistrate was correct in determining that the Plaintiff is entitled to an award of attorney's fees. "It can thus be taken as established . . . that under § 706(k) of Title VII a prevailing *plaintiff*

ordinarily is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978). Furthermore, "[d]ue to the vital importance of our civil rights laws and the corresponding necessity of private enforcement, we have repeatedly held that [§ 706(k)] is to be construed liberally." *Bolton v. Murray Envelope Corporation,* 553 F.2d 881, 884 (5th Cir.1977). Thus, the Plaintiff is clearly entitled to attorney's fees and there are no circumstances in this case, special or otherwise, that warrant depriving him of that award. Since the parties stipulated as to a reasonable amount for attorney's fees (Tr. 271), the court finds there is substantial evidence to support the magistrate's finding that the plaintiff's attorney should be compensated at $55 per hour; there is, therefore, no need for any additional fact-finding on this matter. *Cook v. Ochsner Foundation Hospital,* 559 F.2d 270 (5th Cir.1977).

The magistrate recommended an award of $4,702.50 based on 85½ hours, including trial time. This award is supported by the evidence. However, the court finds that the Plaintiff is entitled to a supplemental award of $825 based on the work necessary to prepare the responses required in this court (*see* Plaintiff's "Second Supplement to . . . Affidavit of Fees"). This court holds that the Plaintiff is entitled to an award of $5,527.50 for attorney's fees, plus all costs of this lawsuit.

### *2. Back Pay*

■ The magistrate was correct also in recommending that the Plaintiff be awarded back pay. "Once a court has determined that a plaintiff . . . has sustained economic loss from a discriminatory employment practice, back pay should normally be awarded unless special circumstances

---

**3.** Apparently, this is also the view taken by the Defendant since its objections to the magistrate's findings are largely tied to the credibility choices made by the magistrate; to wit, his failure to give more credence to defense testimony and less to that offered by the witnesses for the Plaintiff.

Furthermore, the court finds as a matter of law that, although the magistrate did not apply the proper legal analysis to his findings, this is specifically not a case in which the application of incorrect substantive principles would inevitably taint those findings; therefore, no remand is warranted on these grounds as well. *Cf. Corley v. Jackson Police Department, supra.*

are present." *Pettway v. American Cast Iron Pipe Company*, 494 F.2d 211, 253 (5th Cir.1974). It is also settled that "[i]nterest, overtime, shift differentials, and fringe benefits . . . are among the items which should be included in back pay." *Id.* at 263. In addition to applying the correct legal standard to this award, the magistrate—as shown by the record—also reached a valid finding as to the amount of back pay that must be awarded. And, there are no special circumstances present in this case that justify any denial of back pay. *Pettway, supra*, at 253–256.

The magistrate's calculations covered only the period from November 23, 1972, until May 6, 1977; however, the period for which the Plaintiff is entitled to back pay runs from November 23, 1972, until the date of judgment. *Pettway, supra*, at 258. Therefore, the Plaintiff is entitled to an additional award covering his lost earnings during the period May 6, 1977–March 27, 1978. Although the court recognizes that there has been a long delay in reviewing the magistrate's findings, the court is also aware that the delay arises from circumstances entirely outside the control of the parties—circumstances for which the Plaintiff can in no way be held responsible.[4] And, if either party must bear the loss during this additional period, the very purpose for the creation of Title VII demands that the loss fall upon the party that commits a discriminatory act rather than the victim of that act:[5]

> Our circuit has been steadfast in its determination to insure that sufficient affirmative relief be provided to vindicate the rights guaranteed by Title VII. In short, back pay awards are not designed to punish the employer but to economically elevate the victims to the status which is rightfully theirs.

*Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1376 (5th Cir.1974).

The Plaintiff is directed to file a supplemental affidavit of loss of wages covering the period May 6, 1977–March 27, 1978. The lost wages should not include any overtime (Finding of Fact # 50) and should be based on a pay rate of $3.35 an hour. This affidavit must be filed on or before April 7, 1978; if the Defendant has any objections to it they must be filed by April 14, 1978.

The magistrate recommended interest be awarded at a "lawful" rate. Interest awarded on compensatory back pay is prejudgment interest and thus the applicable rate is outside the scope of 28 U.S.C. § 1961. This court has researched the question and believes that a fair rate of interest to be incorporated in the final judgment is 6% simple interest calculated annually. *See, e. g., Howard v. Ward County*, 418 F.Supp. 494 (D.N.D.1976); *EEOC v. Local 2P, Lithographers & Photoengravers International Union*, 412 F.Supp. 530 (D.Md.1976); *Inda v. United Air Lines, Inc.*, 405 F.Supp. 426 (N.D.Cal.1975). If either party objects to this figure, however, they are to advise the court by April 7, 1978.

## 3. Reinstatement

 Although the magistrate's findings and recommendations make no mention whatsoever of reinstatement, the question remains a central issue in this case. The legal standard is settled:

> The principles governing a discriminatee's right to back pay and individual injunctive relief in this circuit are clear. Once discrimination is proved, a presumption of entitlement to back pay and individual injunctive relief arises. The burden of proof then shifts to the employer to show by clear and convincing evidence that the discriminatee would not have been hired absent discrimination.

---

4. During the pendency of this action, the court has at various times been responsible for all or portions of four of the seven divisions that comprise the Western District. Given the vast size of the District, the shortage in judicial manpower, various constraints imposed by Congress, such as the Speedy Trial Act, and a heavy criminal caseload, there are certain limitations as to the way in which the court may allocate its time.

5. This finding also makes sense in view of the court's finding as to reinstatement, *infra*.

*McCormick v. Attala City Board of Education*, 541 F.2d 1094, 1095 (5th Cir.1976). The court finds that it is in a proper position to apply this standard to the facts in this case; there is no reason to remand since the magistrate allowed both sides to make complete presentations of their respective positions.

The record clearly shows that the Plaintiff was qualified for the job that he was performing. That he was the victim of discrimination is also evident. Thus the issue becomes whether the employer was able to show by clear and convincing evidence that the Plaintiff would have been laid off or discharged absent the discriminatory act. The court finds that the Defendant cannot, as a matter of law, make such a showing.

The magistrate found that eight people were on Schaefer's original list of candidates to be laid off (Finding of Fact # 42); five of these, including the Plaintiff, were ultimately let go (*Id.*) However, two of those five people that were laid off were subsequently rehired (Tr. 341). Nowhere in the record is there any *objective* evidence that the Plaintiff was placed on the original list of eight, or ultimately selected as one of the final five who were laid off on the basis of his qualifications. *See* note two, *supra*. In addition, even if Friese was acting in good faith when he accepted Schaefer's recommendations, that fact does not qualify as a special circumstance that obviates the Plaintiff's right to reinstatement. *McCormick v. Attala City Board of Education, supra*; *United States v. United States Steel Company*, 520 F.2d 1043, 1053 (5th Cir. 1975). Finally, there is absolutely no evidence at all regarding the respective qualifications of the two laid off employees who were subsequently rehired vis-a-vis those of the Plaintiff.

The court finds, then, as a matter of law that the Plaintiff is entitled to reinstatement in his former position as a welder with the Markle Manufacturing Company. If the Plaintiff still desires this form of relief, he must so advise the court by April 7, 1978.

*"Summary"*

This court hereby adopts the recommendations of the magistrate regarding the prevailing party, attorney's fees, costs, and back pay. Further, the court finds that the Plaintiff is also entitled to an additional award of back pay, an additional award of attorney's fees, and reinstatement to his former position if he so desires. A final judgment in this case will be entered within seven days after the court receives the required advice and affidavits from the parties.