United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30927
Summary Calendar

_____

WAYNE M. ROUSSEAU; ET AL.,

Plaintiffs,

v.

3 EAGLES AVIATION, INC.; ET AL.,

Defendants,

3 EAGLES AVIATION, INC.,

Defendant - Appellee,

v.

CLAYTON KRESGE; STANDARD COLLISION, INC.,

Garnishees - Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CV-208

_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PRADO, Circuit Judge:[*]

Appellants Standard Collision and Clayton Kresge, Standard

Collision's president and sole officer, appeal the district

court's order awarding attorney's fees to appellee 3 Eagles

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

Aviation, Inc. ("3 Eagles").  For the following reasons, this court affirms the district court's award.

**Factual Background**

In October 2002, the district court entered judgment against Wayne Rousseau and in favor of 3 Eagles in the amount of $1,341,462.14.  3 Eagles sought to satisfy the judgment, in part, with money Rousseau had invested in Standard Collision.  In June 2003, Kresge—as Standard Collision's registered agent for service of process—was served with a citation, a petition of garnishment, and garnishment interrogatories.  Kresge responded to the interrogatories and confirmed that Rousseau had invested $285,028.87 in Standard Collision.

In August 2003, 3 Eagles asked the district court to order Standard Collision to turn over the money that Rousseau had invested in Standard Collision.  The district court granted the request and issued an Order to Turn Over and Deposit Seized Funds (the "Turn Over Order").  The Turn Over Order directed Standard Collision to liquidate Rousseau's investment and to turn over the sum of $285,028.87 to the court's registry.

Kresge was served with the Turn Over Order on September 23, 2003 but did not challenge it.[1]  When Standard Collision failed to comply with the order, 3 Eagles asked the district court to hold

---

[1]Kresge claims that he notified his attorney when he received notice of the Turn Over Order, but that his attorney told him not to worry about it.

Kresge in contempt. Neither Kresge nor Standard Collision responded.

In January 2004, the district court held Kresge in contempt. As a sanction, the district court ordered Kresge to pay 3 Eagles' attorney's fees associated with the contempt action. When Standard Collision still failed to comply, 3 Eagles asked the court to enforce the contempt order and to impose additional sanctions.

In April 2004—seven months after being served with the Turn Over Order—Standard Collision and Kresge filed a pleading opposing 3 Eagles' motion to enforce and asked the court to reconsider the Turn Over Order under Rule 60(b).[2] They argued that the Turn Over Order was erroneous because 3 Eagles did not follow the appropriate garnishment procedures and because the order gave 3 Eagles more rights against Standard Collision than Rousseau had. In response, the district court ordered 3 Eagles to file a supplemental brief addressing whether a garnishment proceeding can be used to force a corporate garnishee to liquidate a judgment debtor's equity interest in the corporation and turn over the proceeds to the creditor. The court also ordered 3 Eagles to submit a statement of its attorney's fees associated with preparing the brief.

Ultimately, the district court determined that the Turn Over

---

[2]FED. R. CIV. P. 60(b).

Order and contempt order were invalid because 3 Eagles failed to show that Standard Collision possessed Rousseau's property. The court vacated the Turn Over Order and lifted the sanctions order. The court, however, also ordered Kresge and Standard Collision to pay 3 Eagles $9,207.50 in attorney's fees as compensation for the cost of filing the supplemental brief. The court's order indicates that the court acted pursuant to the inherent authority of a district court to enforce its orders. Kresge and Standard Collision appeal the award of attorney's fees.

**Standard of Review**

The district court has broad discretion to impose sanctions in a civil contempt proceeding.[3] As a result, this court reviews the imposition of sanctions for an abuse of discretion.[4]

**Analysis**

Kresge and Standard Collision first argue that the district court abused its discretion in awarding attorney's fees because 3 Eagles knew or should have known that no legal basis existed for

---

[3]*See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000); *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947) (explaining that because the interest of an orderly government demands respect of and compliance with court orders, reviewing courts rely heavily on the district court for enforcement).

[4]*Am. Airlines*, 228 F.3d at 578; *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998); *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 46 (5th Cir. 1992).

the Turn Over Order.  Even if a court issues an erroneous order, a party must obey the order until it is reversed through an orderly proceeding.[5]  The remedy for an erroneous order is appeal, not noncompliance.[6]  When a party disobeys a court order, the court uses a civil contempt proceeding to either compel compliance or compensate a litigant for damages resulting from the noncompliance.[7]  "Compensatory civil contempt reimburses the injured party for the . . . losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance."[8]  An award of attorney's fees is an appropriate sanction where a party incurs additional expenses as a result of the other party's noncompliance.[9]

In this case, the district court's award was appropriate because 3 Eagles incurred the cost of filing the supplemental brief as a result of Kresge's failure to comply with the Turn

---

[5]*See United Mine Workers of Am.*, 330 U.S. at 293-94 (holding that so long as jurisdiction exists, a party must obey a court's order even if the court's action is erroneous).

[6]*See Maness v. Meyers*, 419 U.S. 449, 458 (1975) (stating that a party must comply with a district court's order and the remedy for a party opposing the order is appeal, not noncompliance).

[7]*See Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976) (discussing contempt proceedings).

[8]*Norman Bridge Drug Co.*, 529 F.2d at 827.

[9] *See Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977 (stating that attorney's fees are appropriate to sanction noncompliance with an order).

Over Order.[10]  Had Kresge complied with, or at least challenged, the Turn Over Order, 3 Eagles would not have pursued the contempt action or the enforcement action.  The district court, in turn, would not have ordered 3 Eagles to file the supplemental brief.  Although 3 Eagles may have filed an additional pleading if Kresge or Standard Collision had responded to the Turn Over Order, the district court specifically ordered the supplemental brief as part of the enforcement action.  Because 3 Eagles incurred additional expenses as a result of Standard Collision's noncompliance, the district court did not abuse its discretion even though the court ultimately determined that no legal basis existed for the Turn Over Order.

Kresge and Standard Collision next complain that 3 Eagles is not entitled to attorney's fees because it is not the prevailing party.  The district court, however, did not award attorney's fees based on who prevailed.  The district court awarded attorney's fees to compensate 3 Eagles for the additional expense it incurred when Kresge failed to comply with the court's orders.  The district court's inherent power to sanction does not depend on who prevails; instead, the district court may sanction a party "to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of

_____

[10]*See Cook*, 559 F.2d at 272.

noncompliance."[11]  Kresge failed to challenge the Turn Over Order and the contempt order before finally opposing the enforcement action.  Had Kresge responded earlier, the district court would not have ordered 3 Eagles to file the supplemental brief.  The district court did not abuse its discretion by awarding fees because the award compensates 3 Eagles for the expenses reasonably and necessarily incurred in its attempt to enforce compliance.[12]

Finally, Kresge and Standard Collision maintain that they should not be forced to pay attorney's fees because 3 Eagles failed to comply with the district court's order for the supplemental brief.  They argue that 3 Eagles did not address whether a garnishment proceeding may be used to require a corporate garnishee to liquidate a judgment debtor's equity interest in the corporation, but instead advanced a new explanation about why it should prevail.  Although 3 Eagles advanced a new argument in the supplemental brief, the award was still appropriate because it represented losses that flowed from noncompliance with a court order and expenses that were

---

[11]*Cook*, 559 F.2d at 272.

[12]*See Norman Bridge Drug Co.*, 529 F.2d at 827 (stating that the court can compensate a party for the losses flowing from noncompliance and for expenses incurred in an enforcement action); *see also Dow Chem. Co. v. Chem. Cleaning, Inc*., 434 F.2d 1212, 1215 (5th Cir. 1970) (explaining that the district court can exercise its inherent discretion to correct willful violations of its orders).

reasonably and necessarily incurred in an attempt to enforce compliance.[13] The district court did not award attorney's fees based on the contents of the supplemental brief, but rather on Kresge's inaction, which ultimately caused 3 Eagles to incur the costs of the supplemental brief. The district court required 3 Eagles to file an additional brief as part of an enforcement proceeding—a dispute that could have been resolved much earlier had Kresge responded to the court's orders. Under these circumstances, the district court did not abuse its discretion in awarding attorney's fees associated with the additional briefing.

**Conclusion**

Having determined that the district court did not abuse its discretion in awarding attorney's fees to 3 Eagles, the court AFFIRMS the award.

AFFIRMED.

---

[13]*See Norman Bridge Drug Co.*, 529 F.2d at 827.