227 F.2d 657
 In the Matter of FEDERAL FACILITIES REALTY TRUST, etc., Debtor, and
National Realty Trust, etc., Debtor,
Paul E. DARROW, etc., Appellant,
v.
Jacob KULP and Myrtle Johnson, etc., Appellees.
 No. 11273.
 No. 11274.
 United States Court of Appeals Seventh Circuit.
 November 22, 1955.
 
 Urban A. Lavery, Francis Heisler, Chicago, Ill., for appellant.
 Walter Wm. Pearson, Walter P. Murphy, Livingston E. Osborne, Stanley A. Kaplan, Chicago, Ill., for appellees.
 Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.
 LINDLEY, Circuit Judge.
 
 
 1
 The facts of this case are fully stated in our two previous opinions. The first is reported at 220 F.2d 495, and the second, filed June 14, 1955, in 227 F.2d 651. In the latter, we adjudged the respondents to the present motion to be in contempt of this court, but reserved consideration of petitioner's prayer for an award of reasonable attorneys' fees. The contempts were purged by orders entered August 12 and September 6, 1955, and consideration of the present motion reserved pending the submission of a claim by petitioner. The cause is before us now on petitioner's motion and proof of claim and the contemnors' responses thereto.
 
 
 2
 The first question we must consider is whether attorneys' fees should be awarded. All authorities seem to agree that the assessment of expenses and attorney's fees incurred in a civil contempt case against a contemnor is discretionary. The rule to be spelled out from the court decisions is that a party compelled to resort to a civil contempt proceeding to preserve and enforce an adjudicated right is entitled to a decree by way of a fine for injuries actually sustained by him because of the contemptuous act, Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389; Worden v. Searls, 121 U.S. 14, 26, 7 S.Ct. 814, 30 L.Ed. 853; Norstrom v. Wahl, 7 Cir., 41 F.2d 910; Rivers v. Miller, 5 Cir., 112 F.2d 439, 443; cf. Brooks v. United States, 9 Cir., 119 F.2d 636, 646-647; 17 C.J.S., Contempt, §§ 96, 127; 12 Am.Jur. Contempt § 79, which may include, in the discretion of the court, an award of reasonable attorney's fees. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 426-428, 43 S.Ct. 458, 67 L.Ed. 719, affirming, 7 Cir., 281 F. 488.
 
 
 3
 Thus our initial question is whether this is a case in which equity requires that such fees be a part of petitioner's recovery. We think that such an allowance is not proper in the present circumstances. Distribution of the fund was made pursuant to direction of the bankruptcy court and in reliance on its order which set aside a supersedeas previously allowed. The contemnors assert that they relied also on the action of this court in denying to petitioner leave to file a petition for a writ of mandamus. While our determination in that respect was only that we would not entertain an extraordinary proceeding to test the validity of Judge Campbell's order, nevertheless, as we noted in our opinion of June 14, the jurisdictional question was raised by the petition for mandamus; and the question was one of first impression. These considerations lend credence to the contemnors' contentions that their actions in disbursing the fund were done in good faith. We adjudged those actions contemptuous on the ground that the order of the bankruptcy court, on which contemnors purportedly relied, was in itself an unwarranted invasion of a jurisdiction vested exclusively in this court. Pursuant to our mandate, the fund has been restored and petitioner's rights fully restored and preserved. Finally, as previously related, we have entered orders purging the contempts.
 
 
 4
 While an award of damages in civil contempt is compensatory only, Norstrom v. Wahl, supra, the leading authority, implies, at least, that the willfullness inherent in the contemptuous act is a major consideration in determining whether attorney's fees should be awarded to the opposing party. Toledo Scale Co. v. Computing Scale Co., supra. The infringement of petitioner's rights (the contemptuous conduct) in this case grew out of the confusing circumstance that the bankruptcy court misconstrued its own authority in the premises. It seems to us that equity was satisfied when that unhealthy situation was resolved and the wrong rectified. In the exercise of a sound discretion, we conclude that this motion should be denied.
 
 The petition is
 
 5
 Denied.