In re ESTATE OF Lizzie WILSON;
Paul D. Pearlstein, Appellant.

No. 05–PR–428.

District of Columbia Court of Appeals.

Argued June 7, 2006.
Decided June 21, 2007.

Paul D. Pearlstein, pro se.

Before WASHINGTON, Chief Judge, REID, Associate Judge, and WAGNER, Senior Judge.

WASHINGTON, Chief Judge:

Appellant Paul D. Pearlstein, appeals the trial court's order requiring him to pay to decedent's estate a portion of the attorney's fees paid to him by the estate's personal representative from her personal funds for services that he rendered in connection with the administration of the estate. We affirm.

I.

Lizzie Wilson died intestate on May 5, 1990. The primary asset of value in her estate was her home located at 30 New York Avenue, N.W., in the District of Columbia. The personal representative of decedent's estate ("the estate") sought to liquidate the residence, but due to a recalcitrant relative of the decedent who was residing in the home, had difficulty obtaining possession. The personal representative retained appellant, Paul D. Pearlstein ("appellant"), to assist her in acquiring

possession of the property. The personal representative signed an agreement to pay the legal fees and personally guaranteed payment of the fees. Appellant, through the normal course of business, provided monthly billing statements to the personal representative. These billing statements were not requests for compensation, but were merely statements of the work performed and the value for those services. As explained in the retainer agreement, appellant would wait until completion of probate to collect his fee directly from the estate funds.

After successfully completing the assigned task, the personal representative discharged appellant as counsel. The personal representative sent appellant a check in the amount of $6,937.15 and stated in her letter of transmittal that it was payment in full for appellant's legal services and that "this completes and terminates the need for your legal services." The personal representative paid appellant from her personal funds and not from estate funds.[1] Appellant informed the personal representative that he was willing to collect his fee from the estate upon completion of probate. Demurring to appellant's suggestion, the personal representative insisted that appellant take the compensation immediately. Appellant then accepted. On March 16, 2001, appellant filed a praecipe signed by himself and the personal representative noting his withdrawal as counsel and that the personal representative would proceed *pro se*.[2]

On July 31, 2001, the personal representative filed her final account with the trial court. Included in that final account was the personal representative's request for reimbursement of the attorney fees she had paid to appellant. On February 16, 2005, the trial court entered an order stating that it would approve the final accounting, but it took exception to appellant's failure to seek approval from the trial court before accepting compensation for the legal work he performed in the case. The trial court found such actions to run afoul of the 1981 version of D.C.Code § 20–751,[3] even though the trial court also found that the legal services rendered were necessary and that the requested hourly rate was reasonable. Nevertheless, the court ordered appellant to return 25% of the fee ($1,734.28) to the estate as a sanction for accepting the fee without prior court approval.

It is the trial court's position that § 20–751 requires all compensation sought for work done on an estate to be first approved by the trial court, regardless of the

---

1. At this time, the estate's major asset had not been sold, and the estate did not have the funds to pay this fee.

2. The personal representative later retained other counsel.

3. The governing statute in this case is the 1981 version of D.C.Code § 20–751 which was in effect when Ms. Wilson died in 1990. The 1981 version of § 20–751 was enacted June 24, 1980 and remained in effect until the 1993 enactment of the current version of the probate statute. *See* Legislative History notes after D.C.Code §§ 20–101, –751 (2001). It is of no moment that the current version of § 20–751 became law well before the trial court opened a probate on the estate and clearly well before appellant was retained by the personal representative. The current version of § 20–751 was part of the Probate Reform Act of 1994 and applies only to estates of decedents dying after July 1, 1995. *See In re Estate of Delaney (Valentine v. Elliott)*, 819 A.2d 968, 993 n. 17 (D.C.2003); *In re Estate of King*, 769 A.2d 771, 777 n. 7 (D.C.2001). *See also* PROBATE REFORM ACT OF 1994 EMERGENCY AMENDMENT ACT OF 1995, D.C. Act 11–79, 42 D.C.Reg. 3452 (1995).

All references to § 20–751 in this opinion are to the 1981 version of that statute unless otherwise specified.

actual source of payment.[4] Although aware of a debate in the legal community as to the requirements of the statute when funds are not withdrawn directly from the estate, the trial court noted that appellant was aware that the trial court's position was that payment for services in connection with the administration of an estate was subject to prior court approval regardless of whether the funds come from the estate.[5] Relying on this court's decision in *Travers, supra* note 4, the trial court rejected appellant's argument that prior court approval was not required because the payment came from the client's personal funds at the client's insistence and not from estate assets. Appellant filed a timely notice of appeal.

## II

■ The issue before this court is whether the trial court erred in interpreting D.C.Code § 20–751 (1981) as requiring prior court approval of all legal fees incurred while working on estate matters, even when those fees are not being paid directly from the estate's funds. This court reviews the trial court's interpretation of a statute *de novo. See Cass v. District of Columbia,* 829 A.2d 480, 482 (D.C.2003).

■ The 1981 version of D.C.Code § 20–751 states in relevant part that: "Reasonable compensation for work performed by a[n] … attorney with respect to administration of the estate pursuant to this title may be paid upon approval by the Court of a request filed as provided by subsections (c) through (g)." As a result, we have recognized that the probate court has "complete discretion as to whether or not to approve requests for compensation payments." *Delaney, supra* note 3, 819 A.2d at 993 (citing *Johnson v. United States,* 398 A.2d 354 (D.C.1979)). Thus, our review is for abuse of discretion.

This court addressed a contention similar to the one raised here in *Travers, supra* note 4 (appending *Travers v. Strupp,* No. 91–PR–1427 (D.C. April 16, 1993), an unpublished Memorandum Opinion and Judgment ("MOJ")). Both *Travers* cases[6] dealt with a dispute over the

4. Appellant did not assert in the trial court nor on appeal that the fees involved here fall within the provisions of D.C.Code § 20–752 (1981) (providing that "[w]ithout regard to the provisions of § 20–751," the personal representative or one nominated as such is entitled to the necessary expenses of litigation prosecuted or defended in good faith on behalf of the decedent's estate); *see also In re Travers,* 764 A.2d 242, 248 (D.C.2000) (declining to consider whether fees were the subject of D.C.Code § 20–752 instead of § 751 because the argument was barred by collateral estoppel).

5. The supposed notice stemmed from a previous matter appellant worked on before this particular trial judge where appellant was subject to a similar requirement. The previous matter, however, was not a probate case, but an intervention case that involved D.C.Code § 21–2060 (2000), and not § 20–751. The 2000 version of D.C.Code § 21–2060 states in relevant part that: "As approved by order of the court, any … attorney … is entitled to compensation for services rendered either in a guardianship proceeding, protective proceeding, or in connection with a guardianship or protective arrangement." The 1981 version of D.C.Code § 20–751, governing decedent's estates states in relevant part that: "Reasonable compensation for work performed by a[n] … attorney with respect to administration of the estate pursuant to this title may be paid upon approval by the Court of a request filed as provided by subsections [of this statute]."

6. The *Travers* opinion was an appeal from an attorney discipline action taken by Bar Counsel in response to appellant's failure to return legal fees as the trial court ordered, and this court affirmed in the previous MOJ. The MOJ simply affirmed the trial court's initial order.

appellant's entitlement to legal fees for services rendered in connection with the sale of a home that constituted the decedent's sole asset. The appellant in *Travers* was retained by the decedent's family members—none of whom at the time were the personal representatives of the estate—to help prevent the foreclosure of the property. After forestalling the foreclosure on the property, obtaining financing for its renovation, and then facilitating a subsequent sale, appellant sought compensation from the family members who retained him. One of the decedent's daughters—who by this time had been appointed personal representative—paid the appellant with estate funds. No request was made to the trial court seeking this compensation. A court appointed auditor-master was ordered to perform an accounting on the estate and discovered the unapproved payment of legal fees. After unsuccessfully attempting to have appellant formally make a request for the fees, the auditor-master recommended judgment in the amount of the fee against appellant. Appellant argued that he was not retained to perform services for the estate, but was retained by family members to stave off the impending foreclosure. Finding this argument unpersuasive, the trial court entered judgment against appellant to return the money to the estate. In affirming the trial court's ruling, we stated that "[b]ecause the property was an asset of the estate, any legal action [appellant] undertook with regard to the property was an action on behalf of the estate, and thus appellant is subject to D.C.Code § 20–751 and [ ] any payment made to him would have to be in accord with that statute." *Id.* at 247.

■ Appellant argues that the trial court's reliance on *Travers* is misplaced because that case is distinguishable on its facts. Of course some of the finer nuances of *Travers* do differ from the instant facts. Notably, the appellant in *Travers* was paid with estate funds and not the private funds of the personal representative. This fact, however, is a distinction without consequence. Our holding in the *Travers* case was clearly not premised on the source of the attorney's compensation. We held, in quite succinct language, that " 'any legal action [appellant] undertook with regard to the [estate's asset] was an action on behalf of the estate,' and thus ... any payment made to him would have to be in accord with [§ 20–751]." *Id.* at 247. We did not predicate our holding in *Travers* on the source of the payment, but rather the work being done by the attorney. In the case *sub judice*, appellant sought compensation for work he did with respect to decedent's real property—the sole asset of value in her estate. He does not dispute that.[7] It matters not that the personal representative paid him from her own funds, his work on behalf of the estate brings him within the ambit of § 20–751.[8] Appellant should have had the personal representative first obtain court approval before accepting his fee from her. *See* D.C.Code § 20–751(c) (1989 Repl.) (requiring, *inter alia*, the personal representative to submit a written request for compensation for services performed by an attorney).

Our review of the legislative history of the Probate Reform Act of 1980 provides further support for our view that the 1981 version of D.C.Code § 20–751 does not exempt attorneys from seeking prior court approval for attorney's fees merely be-

---

7. Again, appellant makes no argument in this case that the services that he rendered fall within D.C.Code § 20–752.

8. *See* note 4, *supra*.

cause the source of compensation is not from the funds of the estate. The Probate Reform Act of 1980, among other things, was intended "to provide procedural protections to interested parties when needed." LEGISLATIVE HISTORY OF D.C. LAW 3–72, Bill No. 3–91, at 1 (1980). At the same time, the Act was also intended "to create a more equitable framework to compensate personal representatives and persons hired by the estate for actual services performed." *Id.* at 5. In order to effectuate both of these goals, the drafters of the Probate Reform Act of 1980 required that the court supervise and approve attorney fee requests. *Id.* at 63; *see also Poe v. Noble,* 525 A.2d 190, 193 (D.C.1987) (holding that the provision's requirement that substantiating documentation be submitted with each fee request had the sole purpose of protecting the interests of claimants under the will). To conclude that the statutory scheme did not apply to payments just because those payments were not directly from the assets of the estate ignores the fact that ultimately at the final accounting, a request may be made, as it was in this case, to use the funds of the estate to reimburse the personal representative for payments made in connection with the lawyer's fee request. At that point, the goal of protecting the assets of the estate and the interests of

creditors and beneficiaries would be compromised, an outcome clearly contrary to the purpose of the Act.[9] Therefore, the trial court was correct in concluding that the appellant was obligated to await court approval before accepting compensation for the work he performed in connection with the administration of this estate. D.C.Code § 20–751(c); *see also In re Estate of King,* 769 A.2d 771 (D.C.2001); *Godette v. Estate of Cox,* 592 A.2d 1028 (D.C. 1991).

■ Having determined that the trial court was justified in concluding that the Act requires attorneys to await court approval prior to accepting attorney's fees, we must now decide whether the trial court abused its discretion in imposing sanctions against the appellant in this case. This court has held that a trial court has the inherent authority to impose sanctions against an attorney, despite the absence of a statute or court rule, where the attorney disregards the trial court's order. *Charles v. Charles,* 505 A.2d 462, 465–66 (D.C. 1986). In the *Charles* case, the trial court on three occasions ordered attorney Anderson, appointed counsel for the defendant,[10] to file answers to the plaintiff's interrogatories and on each occasion attorney Anderson failed to do so. This court held that the trial court's order requiring

---

9. While the statutory scheme contained in the Probate Reform Act of 1980 supports this proposition, this court has yet to address whether the Probate Reform Act of 1994 requires the personal representative to seek court approval prior to compensating attorneys who perform work on behalf of the estate from private or personal sources. We find it significant, however, that the amended version of the Act provides for discretionary court review of compensation payments by personal representatives, but does not contain the express language requiring prior court approval before compensation can be paid to attorneys. D.C.Code § 20–751 & –753 (2001). Recently, this court had occasion to

interpret a similar provision contained in the Guardianship Act. In that case, *In re Estate of Grealis,* 902 A.2d 821 (D.C.2006), we rejected the position that prior court approval was required before fees could be paid to attorneys from private or personal sources. Our decision was based in large part on the plain language of the Guardianship Act which we concluded requires prior court approval only for attorney's fees that are paid out of the ward's estate or the Guardianship Fund.

10. The appointed counsel in *Charles,* appealed the trial court's order in defendant's name. *Charles, supra,* 505 A.2d at 464.

attorney Anderson to pay the attorney's fees plaintiff incurred in her attempts to obtain compliance with the trial court's previous orders was permissible. *Id.* at 467 (nevertheless this court remanded the case because the trial court failed to make a specific finding as to attorney Anderson's bad faith). Adopting the Supreme Court's rationale, we stated that the trial court has an inherent authority to impose sanctions against attorneys who act in bad faith, and the authority is "governed ... by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 465 (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The trial court's decision to sanction appellant by reducing his requested compensation by 25% and ordering him to reimburse the estate was not an abuse of discretion. This court has recognized that a trial court may exercise its discretion in imposing sanctions against litigants and their attorneys to coerce compliance with a court's order and, also, to compensate its adversary for losses sustained. *See Giles v. Crawford Edgewood Trenton Terrace,* 911 A.2d 1223, 1224 (D.C.2006) (quoting *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947)). Clearly, the trial court's purpose in sanctioning the appellant in this case was to coerce his compliance with the court's directions to seek court approval before accepting any attorney's fees in probate cases. Given the fact that counsel was well aware of the trial court's interpretation of the Act, it is reasonable to conclude that his actions in this case were done in flagrant disregard of the trial court's previous order. Therefore, we conclude that the trial court's order that counsel pay the estate (from which the personal representative sought reimbursement) in the amount equal to 25% of his fee was not an unreasonable sanction.[11] *See King, supra* note 3 (affirming trial court's order reducing the co-personal representative's compensation by half for its failure to fulfill a known obligation as co-personal representative); *Link v. District of Columbia,* 650 A.2d 929, 932–33 (D.C.1994) (affirming trial court's imposition of a sanction against the District because of its failure to comply with prior orders).

For the foregoing reasons, the judgment of the trial court is

*Affirmed.*

---

11. We assume that the estate is reimbursing the personal representative, since she advanced her funds to the attorney on behalf of the estate, and the estate paid him nothing.